*Southern District*
No. 80
**PAULA J. LAPORTE**
v.
**ROYAL GLOBE INDEMNITY COMPANY**

Argued: March 21, 1974 - Decided: July 1, 1974

*Present:* Murphy, P.J., Prince, Tamkin, JJ.
Case tried to *Hurd, J.* in the District Court of Brockton, No. 49654.

**Tamkin, J.** This is an action of contract to recover under Counts 1 and 2 for property damage sustained to her motor vehicle and under Count 3 for double damages and reasonable attorney fees under the provisions of G.L. c. 90, § 340. The answer is a general denial.

We summarize the evidence as follows: The defendant had issued to the plaintiff a motor vehicle insurance policy affording property damage coverage for the year of 1972. The plaintiff purchased this policy from the Brookfield Insurance Agency (Brookfield) in Brockton, Massachusetts. The plaintiff was involved in a motor vehicle accident on December 30, 1972 wherein she sustained property damage to her motor vehicle. Brookfield was not an agent of the defendant and the plaintiff was an assigned risk. On January 2, 1973, the plaintiff filed with Brookfield a written accident report claiming damages to her motor vehicle. On January 4, 1973, Brookfield telephoned the defendant and advised them of the claim. On January 8, 1973, the plaintiff submitted to Brookfield a written appraisal in the amount of $1438.02. On January 8, 1973, Brook-

field notified the defendant by telephone where the defendant might view the plaintiff's automobile and also forwarded to the defendant a copy of the plaintiff's appraisal. On or about January 17, 1973, the plaintiff called the defendant's Boston office inquiring as to payment of her claim. She made several subsequent phone calls to the defendant requesting payment. The defendant received a written report of the accident on January 23, 1973. On February 6, 1973, the plaintiff's attorney wrote to the defendant requesting payment. On February 20, 1973, a release was sent from the defendant to the plaintiff's attorney which required a transfer of ownership of the plaintiff's motor vehicle to the defendant. On February 23, 1973, William Manchinton, an insurance adjuster for the defendant, telephoned the plaintiff's attorney leaving a message not to execute the release as it was in error. On February 20, 1973, a second release in the amount of $1095, which also required a transfer of ownership of the plaintiff's motor vehicle, was sent to the plaintiff by Mr. Manchinton. Mr. Manchinton testified that this second proof of loss was sent because he thought the plaintiff had decided to keep the car. On March 26, 1973, the plaintiff's attorney forwarded a letter demanding payment of the plaintiff's claim. On April 3, 1973, a third release in the amount of $1205.00 also requiring a transfer of ownership, was forwarded to the plaintiff's

attorney by Mr. Manchinton. Mr. Manchinton testified that this third proof of loss contained a bill of sale through error.

Mr. Manchinton testified that the written report of the accident on January 23, 1973 was the first report received by the company. The defendant admitted that the defendant was indebted to the plaintiff for $90.00 in towing and storage charges. The fair and reasonable value of the plaintiff's claim for damages to her motor vehicle was $1508.00. The fair and reasonable salvage value of the plaintiff's motor vehicle was $150.00. The defendant owed the plaintiff $1358.00. The defendant, through William Manchinton, admitted that all three releases that were forwarded to the plaintiff were "mistakes". On November 15, 1973, at the conclusion of the District Court Trial, the defendant had not paid plaintiff's claim in whole or in part.

At the close of evidence, the plaintiff filed requests for rulings, which with the court's disposition thereof, were, as follows:

1. The defendant is indebted to the plaintiff for the total amount of damages sustained to the plaintiff's automobile on December 30, 1972, less a Fifty Dollar deductible as provided within the provisions of the defendant's insurance policy to the plaintiff. *"Allowed"*

2. That the defendant is indebted to the plaintiff for towing and storage

charges occasioned by the damage sustained to the plaintiff's automobile on December 30, 1972, as provided for within the terms of the defendant's insurance policy to the plaintiff. *"Allowed"*

3. That this Honorable Court make rulings on the "Double Damage Statute" (Mass. General Laws Chapter 90, Section 340) as follows:

a. the defendant insurer received information that the plaintiff was a policy holder, that an accident occurred, and the amount of the loss or damage claimed, and that the defendant insurer failed to make payment within fifteen days after receiving such information. *"Is a request for a finding of fact but is allowed"*

b. The defendant insurer was unreasonable in refusing to pay the plaintiff's insured's claim in whole. *"Denied"*

c. The defendant insurer was unreasonable in refusing to pay the plaintiff insured's claim in part. *"Denied"*

d. The plaintiff, as the claimant within the provisions of Chapter 90, Section 340 is entitled to recover double the amount of damages claimed plus her costs. *"Denied"*

e. The plaintiff, as the claimant within the provisions of Chapter 90, Section 340, is entitled to recover reasonable attorney fees fixed by the Court. *"Denied"*

The following findings of fact were made: "I find that the defendant insurer was negligent in the manner in which it processed the plaintiff's claim and I find that the defendant has failed to pay the claim within fifteen days of receipt thereof from the plaintiff, but such negligence and failure to pay does not in the court's opinion constitute a refusal to pay the claim or amount to such a degree of unreasonableness as to constitute a refusal within the language of Section 340 of Chapter 90 of the General Laws."

The report was stated to contain all the evidence material to the conclusions reported.

Plaintiff claims to be aggrieved by the rulings on request 3b, 3c, 3d, 3e, and the court's findings of fact.

The court found for the plaintiff in the sum of $1358.00 on both Counts 1 and 2 and found for the defendant on count 3.

The issue raised by this appeal is whether or not the "insurer was unreasonable in refusing to pay said insured's claim" within the meaning of G.L. c. 90, § 340 (3).*

---

* "Payments under option (1) and under clauses (c), (d) and (e) of option (2) shall be due and payable within fifteen days after receipt by the insurer

In *Pinnick* v. *Cleary,* 360 Mass. __ (1971 AS 1129) in sustaining the constitutionality of St. 1970, c. 670 (No-Fault Law) it was stated: ''Finally, and not to be discounted among the evils associated with automobiles which c. 670 might have been designed to cure, are the inequities which have been visited upon claimants. In this regard the Legislature might have felt, as expressed in the Department of Transportation Report, that ''the present tort liability reparations system allocates benefits very unevenly among the limited number of victims that it purports to serve.'' The Legislature was also presumably aware of the long delays in getting financial aid to the injured person, confronted with medical and subsistence bills during a period of no employment for him and want for his family. The time spent in investigation, the time required for proof of negligence, the exaggerated claims, the all too common suspicion of perjured testimony, the horse and buggy approach to a twentieth century dilemma — all of this might well have influenced the Legislature recognizing the right and need of

---

of reasonable proof that claimant is, in fact, a policy-holder, that an accident occurred, and the amount of the loss or damage claimed. In any case where the insurer fails to make payment within fifteen days of receipt of such reasonable proof, the insured may commence an action in contract for payments claimed to be due. If the court determines that the insurer was unreasonable in refusing to pay said insured's claim, the claimant shall be entitled to recover double the amount of damages claimed plus his costs and reasonable attorney fees fixed by the court."

all accident victims to simple and speedy justice, toward reform.''

This philosophy is further enunciated in Annot., 42 ALR 3d at p. 229 (1972) ''the details of these plans vary considerably, but the fundamental concept is that a person involved in an automobile accident can recover at least some compensation directly from his own insurance company (or from the Government under some plans), instead of having to wait a determination of fault or legal responsibility for the accident.''

G.L. c. 90, § 34M provides for a thirty (30) day time limit for payment of Personal Injury Protection Benefits and further provides that the court shall assess against the insurer in addition thereto costs and reasonable attorney's fees.

The Massachusetts General Court by St. 1971, c. 978, amended by St. 1971, c. 1079 and provided for the application of the no-fault theory to property damage claims arising out of motor vehicle accidents.

In the action under review, we hold as a matter of law that the trial court was in error in finding that, ''such negligence and failure to pay does not in the court's opinion constitute a refusal to pay the claim or amount to such a degree of unreasonableness as to constitute a refusal within the language of G.L. c. 90, §340 (3).''

It was the intent of the Legislature in passing the no-fault concept of expeditious processing of property damage claims to set a fifteen (15) day mandatory requirement upon the insurer to make payment to the insured. In the action at bar, the insured was involved in a motor vehicle accident on December 3, 1972 where she sustained property damage to her motor vehicle. On January 8, 1973, the defendant was notified that an accident occurred, and on that day an appraisal of the loss was forwarded to the defendnt. There was further evidence that the defendant received a written report of the accident on January 23, 1973. On November 15, 1973, at the conclusion of the District Court trial, the defendant had not paid the plaintiff's claim in whole or in part.

It is the duty of this Division to ascertain the legislative intention from the language used, the evil to be remedied, and the object to be accomplished by the enactment. *Brown v. Robinson,* 275 Mass. 55, 57. *Lehan v. North Main St. Garage, Inc.,* 312 Mass. 547, 550, 144 A.L.R. 1100. *Meunier's Case,* 319 Mass. 421, 423. *Appleton v. Massachusetts Parking Authority,* 340 Mass. 303, 309. *New York Cent. R. Co. v. New England Merch. Nat. Bank,* 344 Mass. 709.

We hereby determine that this delay of days in which the insurer failed to pay the insured's claim constitutes unreasonableness in refus-

ing to pay within the meaning of G.L. c. 90, § 340 (3).

In some jurisdictions, statutes similar to the statute in issue have been enacted making insurance companies liable for damages and attorney's fees in cases of failure or delay in bad faith in paying a claim or for a failure to pay claims against them within a specified period after they have accrued. 22 Am. Jur. 2d, Damages, § 168, at p. 238 (1965). Am. Jur. 2d, New Topic Ser. No-Fault Insurance, § 7, (1973). Multiple (or double or treble damages) cannot be awarded in the absence of statutes. "Statutes in many jurisdictions, however, authorize their allowances for certain classes of wrongs." 22 Am. Jur. 2d Damages, § 267, (1965).

We rule, therefore, that the trial court erred in its finding and in denying the plaintiff's requested rulings on requests 3(b), 3(c), 3(d), and 3(e). This was prejudicial error.

We hereby order the findings vacated on Counts 1 and 2, and order the case remanded to the District Court of Brockton for a determination of double damages, costs, and reasonable attorney fees.

ALBERT E. GRADY
    for Plaintiff
WILLIAM J. FENTON
FREDERICK C. CAMPBELL
    for Defendant