PAULA J. LAPORTE *vs.* ROYAL INDEMNITY COMPANY. February 26,
1976. The plaintiff's motor vehicle sustained property damage on
December 30, 1972, and she made a claim under an insurance policy
issued to her as an assigned risk. By mistake the insurer's adjuster sent the
plaintiff three successive releases in inappropriate form, the claim was not
paid within fifteen days of the receipt of the "reasonable proof" required
by G. L. c. 90, § 34O, and the plaintiff brought suit. A judge of a
District Court found that the insurer was negligent in processing the

claim, but that its failure to pay was not so unreasonable as to constitute a refusal under § 34O, and found for the plaintiff in the sum of $1,358 single damages. On the plaintiff's appeal, the Appellate Division ruled that the insurer, having delayed payment for 311 days, was "unreasonable in refusing to pay" within § 34O, and the case was remanded for determination of double damages, costs and reasonable attorney's fees. The defendant appealed to this court but did not perfect the appeal. On remand, the judge found for the plaintiff in the sum of $2,716 double damages, $2,375 attorney's fees and $17.48 costs. On appeal by both parties, the Appellate Division dismissed the report, and both parties appealed to this court. We affirm. 1. On the defendant's appeal, we do not agree with the Appellate Division that the defendant waived its rights by failing to perfect an appeal to this court from the first Appellate Division decision. That was not a final decision, and an appeal to this court did not lie. See *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 139 (1974), and cases cited. But we agree with the result on the grounds given by the Appellate Division in its first decision. 2. On the plaintiff's appeal, we agree with the second decision of the Appellate Division that the judge was not bound to accept the testimony of the plaintiff's attorney as to the value of his own services. 3. The plaintiff is now entitled to an additional allowance for the defendant's second appeal to the Appellate Division and for its appeal to this court, to be determined in the District Court.

*Order dismissing report affirmed.*

*Frederick C. Campbell* for the defendant.
*Albert E. Grady* for the plaintiff.