Jeffrey B. GOLDSTEIN, plaintiff
vs.
HARTFORD ACCIDENT &
INDEMNITY CO., defendant

No. 313

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

December 2, 1981

**Pacifico M. DeCapua,** counsel for plaintiff

**Patrick A. Fox,** counsel for defendant

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Request from the Milford Division and agrued by counsel for both parties.

It is hereby

ORDERED: That the clerk of the MILFORD DIVISION make the following entry in said case on the docket of said Court, namely: No prejudicial error having been found, judgment affirmed and report dismissed.

**Mel L. Greenberg, Justice**
**William T. Walsh, Presiding Justice**
**Bernard Lenhoff, Justice**

### OPINION

**Greenberg, J.** This is an action of contract originally commenced in the Milford Division of the District Court Department. The plaintiff seeks to recover against the defendant for property damage to his motor vehicle in the amount of $3,000.00 and an additional claim doubling the amount pursuant to G.L.c. 90, § 34 O[1]

The defendant insurance company, in substance, denied the material allegations set forth in the complaint and asserted that the plaintiff was more than fifty percent (50%) at fault in causing the accident.

The trial court found for the defendant insurance company and made the following rulings on requests filed at the close of plaintiff's case:

**1.** The Court is warranted in finding that as a matter of law, skidding or sliding of a motor vehicle of itself is not evidence of negligence. See 294M/355. GRANTED.

**2.** As a matter of law, a party may be negligent in causing an accident only if the skidding or sliding of his motor vehicle is accompanied by negligence; for example, the operator took a risk (318M/13), operated with no chains (250M/30), the operator failed to slow down (313M/757), the operator was speeding (261M/238), the operator was speeding around a curve (329M/1), or operator started abruptly (333M/603). GRANTED.

**3.** Upon the evidence the court is warranted in finding that the plaintiff operated his motor vehicle carefully and that sliding or skidding of his motor vehicle was not negligence, nor the cause of his accident, nor contributed to the occurrence of his accident. TO THE EFFECT THAT HIS OPERATION WAS NOT NEGLIGENT: GRANTED: TO THE EFFECT THAT SKIDDING WAS NOT THE CAUSE OF ACCIDENT: DENIED.

**4.** Upon the evidence the court is warranted in finding that the plaintiff is entitled to recover property damages from the defendant under the provisions of his motor vehicle policy, and that he was not more than 50% at fault. DENIED AS TO HIS RIGHT OF RECOVERY. GRANTED TO THE EFFECT THAT HE WAS NOT MORE THAN 50% AT FAULT.

**5.** As a matter of law, where the operator of a motor vehicle is not more than 50% at fault and where there is no fault, the insured is entitled to the benefits of the provisions of his policy relative to property damage. DENIED.

In making his findings upon which the rulings on Requests Nos. 3 and 4 were predicated, the trial judge, in part, stated as follows "...(A)lthough the plaintiff has

---

1. G.L.c. 90, § 34 O, sub-paragraph 2(d) **Limited Collision Coverage** reads in part,..."If the court determines that the insurer was unreasonable in refusing to pay such insured's claim, the claimant shall be entitled to recover double the amount of damage plus the cost of reasonable attorney's fees fixed by the court." This provision was added by an amendment, St. 1974, c. 503, as part of a comprehensive legislative scheme to assure prompt and efficient adjudication of property damage claims by insurers whose liability policyholders chose collision or limited collision coverage as part of their insurance contracts.

shown in this case that his negligence, if any, was less than 50% on a scale of one to one hundred, he has not shown that the negligence, if any, of the Milford Rescue Van (the other vehicle involved in a two-vehicle accident) was fifty percent or greater. Recovery in tort against the van operator would not be warranted on the facts of this case."

The plaintiff, then, claims to be aggrieved by the trial judge's denial of his fifth requested ruling and by the court's subsidiary findings concerning the percentile of fault in Requests Nos. 3 and 4.

Before addressing these issues, we capsulize the factual findings of the trial judge as follows:

The plaintiff's motor vehicle was traveling on a public way known as Route #85 connecting a portion of the Town of Milford near the off-on ramp on the Massachusetts Turnpike. It was 10:30 p.m. on December 20, 1978 and the weather conditions were wet, rainy and recently freezing. The accident resulted when the plaintiff's vehicle, traveling south, skidded on the icy pavement, veered partly across the center undivided line of the roadway, and crashed into a vehicle owned by the Town of Milford, which had been proceeding in the opposite northerly direction at the same time.

In detailed findings of fact, the trial judge traces the preliminary course of each vehicle and notes that the Fire Department Rescue Van of the Town of Milford had been called out earlier because of anticipated accidents due to the effect of falling temperatures on the wet pavements. He finds that..."(A)s the driver of the Milford van approached the area where the accident would occur, he saw the plaintiff's vehicle in the course of the slide. The Fire Department van pulled to the right side of the road (i.e., the shoulder) near the Chevron station in an effort to get out of the way, but it (the van) did not leave the highway." When the collision took place the plaintiff's vehicle had reached the icy area and its speed was not in excess of 20 m.p.h. The van's speed was not in excess of 10 m.p.h. He further concludes that both drivers had been proceeding cautiously because of their apprehension with respect to the weather and the road conditions. The trial judge concludes that the speed of the plaintiff's vehicle of 20 m.p.h. or less, was not unreasonable and that if the ice had formed on the highways prior to the time of the accident, the expressways may have been treated with salt, thereby not warning the plaintiff that he would encounter ice once he exited the ramp of the Route 85 interchange.

Consequently, the trial judge's ultimate finding was that the..."negligence, if any, of the plaintiff was slight, and that on a scale of one to one hundred, it would be less than 50%". On the same facts, the court finds that the Milford van was unable to avoid the collision and that the negligence of its operator, if any, would be zero on a scale of one to one hundred.

The plaintiff's policy (it was stipulated at the trial) was a Standard Form of Massachusetts Automobile Insurance Policy, and described plaintiff's "Limited Collision" coverage as follows:

"Under this Part, we will pay in **some** situations for direct and accidental damage to your auto caused by a collision. We will also pay in these situations for damage to other private passenger autos while being used by you or a household member with the consent of the owner. However, we will not pay for damage to any auto which is owned or regularly used by you or a household member unless a premium charge for this Part is shown for that auto on the Coverage Selections page.........
**The protection under this Part is not as broad as under Collision Coverage but the premium is considerably less.** We only pay under this Part for multiple car accidents in which the driver we are covering was no more than

50% at fault. We will not pay if the owner of the other auto cannot be identified. After a claim under this Part we are required to determine whether the driver we are covering was more than 50% at fault. We will notify you of our determination.

As long as the driver of the auto covered under this Part was no more than 50% at fault, his or her percentage of fault will not affect the amount of our payment..." "We will consider the driver of the auto covered under this Part to be no more than 50% at fault if:

1. That auto was legally parked when struck by another auto.

2. That auto was struck in the rear by another auto moving in the same direction.

3. The operator of the other auto was convicted of certain violations listed in Massachusetts law or any similar law of another state in which the accident occurs. However, we will not pay if the operator of the auto covered under this Part was also convicted of one of the same violations.

4. You are entitled to recover in court against an identified person for some reason other than those listed above....." (emphasis added)

This last policy provision is derived from the statutory language of G.L.c. 90, § 34 O, sub-paragraph 2(a) which read s as follows: "(a) Cases in which the insured is entitled to recover in tort for such loss or damage against another identified person;"

Most recently the Supreme Judicial Court in **Almeida v. Travelers Insurance Company** 1981 Mass. Adv. Sh. 773, at 776, confirmed that the insurer's contractual liability depends on the percentage of negligence attributable to the insured in any collision. While the holding of this case dealt with a **res judicata** issue of a prior determination of the Board of Appeal on Motor Vehicle Liability Policies and Bonds that an insurance company had improperly imposed a surcharge on an insured after he had filed a similar limited collision liability claim, the Court held that the issue in both proceedings was to be governed by the same test, that is, the percentage of fault attributable to the insured will establish whether he is surchargeable for a collision, G.L.c. 175, § 113P and whether the insurer is responsible for indemnification of loss under G.L.c. 90 § 34 O.

The plaintiff's principal contention is that where the trial judge found that his negligence, if any, was less than 50%, it must ineluctably follow that another participant in the accident was disproportionately causative of the collision, or in the alternative, that if no negligence on either side can be found to exist, he should be able to recover under the policy. We disagree with both positions.

The plaintiff's argument that so-called "equitable principles" should apply so long as his operation was less than 50% negligent, is without reference to the obvious question - negligent in relationship to whom? The reference in this case must be the other party to the collision. In such context the trial judge was framing his findings in that between the two operators, the plaintiff's negligence was more than that of the other operator.

The plaintiff argues, however, that this construction is here affected by the trial judge's findings that on a scale of one to one hundred, the plaintiff's negligence was found to be less than 50%. He would have us construe the statutory phrase "recover in tort" to mean where the plaintiff is not more than 50% negligent without reference to the other parties in a given accident.

We recognize that the meaning given by the trial judge in his scale analogy may be affected by the other factual findings in which the decision is set. He obviously felt that under negligence principles, the plaintiff's lack of due care was slight and that the defendant's was non-existent. An

analogy may be drawn to the comparative negligence statute[2], providing that the gross amount of damages will be diminished in proportion to the amount of plaintiff's negligence and denying recovery if plaintiff's negligence is **greater** (emphasis added) than the defendant's. Obviously, application of this principle to the facts as recited by the trial judge would bar plaintiff from recovery against the Town of Milford in tort. It follows, **a fortiori,** that this is not a case where the insured is entitled to recover under Part 9, sub-section 4 of his policy.

Plaintiff's final contention is that a delay of ten months in failing to process and pay the claim, is unreasonable, citing **LaPorte v. Royal Globe Indemnity Company,** 54 Mass. App. Dec. 185, **aff'd.,** 369 Mass. 970 (1974). While under G.L.c. 90, § 34 O an insured is entitled to double the amount of his damages, plus his costs and reasonable attorney's fees when the court determines that the insurer acted unreasonably in its refusal to pay the insured's claim, the court's determination of that fact is a condition precedent to the insured's right to the additional damages. **Kilfoyle v. Liberty Mutual Insurance Co.** 56 Mass. App. Dec. 134 (1975). It is obvious that the trial judge did not reach this issue because of his ultimate conclusion that the contract of insurance limited coverage to a class within which the plaintiff did not fall.

There being no prejudicial error found, the judgment is affirmed and the report is hereby dismissed.

**Mel L. Greenberg, Justice**
**William T. Walsh, Justice**
**Bernard Lenhoff, Justice**