Teahan, J.
This matter comes before us upon a Report indicating judgment on a counterclaim, under Chapter 93A arising out of the sale of a woodchipper held as collateral, resulted for the plaintiff-in-counterclaim, Tacy Excavating & Construction Company, Inc. (‘Tacy”), for $11,116.15 exclusive of interest costs and a $6,000 attorney’s fee. From this judgment, the defendant-in-counterclaim, Labrie Asphalt & Construction, Inc. (“Labrie”), seeks review upon appeal. Labrie filed nine requests for rulings of law. No claims of a report under Dist./Mun. Cts. R. Civ. R., Rule 64(a) are involved. Requests 1,3,4,6 and 8 were allowed. Requests 2,5,7 and 9 were not acted upon being found by the Court to be requests for findings of fact. None of the Labrie’s requests were denied. Labrie claims to be aggrieved, not by the denial of any request for ruling of law, but by “the judgment of the District Court.” It seeks our review over three issues. Written findings of fact accompanied the rulings of law This case comes before us under Dist./Mun. Cts. R. Civ. P, Rule 64 prior to amendments effective July 1, 1994.
The areas upon which the review is sought include:
(1) whether error occurred where the defendant was allowed to remove default on the day of trial for failure to answer to plaintiffs amended complaint;
(2) whether facts “before” the Court constitute liability under c. 93A, §11;
(3) whether the Court in its determination of the amount of damages legally erred.
(1) THE ALLOWANCE OF THE MOTION TO REMOVE DEFAULT
On the day of trial, the defendant was in default for failure to file an answer to an amended complaint. The Court removed the default. No amended answer was filed and trial commenced. The Report contains no applicable pleadings, time sequences or claim of a report that would allow our review of a prejudgment motion to remove default. The Report fails to conform to Dist./Mun. Cts. R. Civ. P., Rule 64(c) (2) in that it fails to set forth in “clear and concise terms the rulings upon which the party seeking the report has requested and now asks for a review. ...” No review is available on this issue under Rule 64.
(2) WHETHER THE FACTS SUPPORT LIABILITY UNDER CHAPTER 93A. §11
The appellant claims to be aggrieved and requests determination of an issue as stated in the Report: “whether the facts before the Court five (sic) rise to liability on the part of the plaintiff pursuant to Massachusetts General Laws, c. 93A, section 11.” (Report, p. 6 at (b))
The Court in its findings of fact as paragraph 23 specifically found that certain unfair or deceptive practices found at paragraphs 17 through 21 (Report, Exhibit A, p. 3-4) were not willful or knowing violations as provided in section 11, paragraph 5. Accordingly, the damages found were limited to actual damages.[1] The *166 determination of what constitutes an unfair or deceptive practice is confined to c. 93A, §2. That issue is not before us.
There is neither merit nor logic to the defendant’s contention under section 11 given the Court’s findings. No denial of a request for ruling is involved. Our review has been pursuant to Dist./Mun. Cts. R. Civ. R, Rule 52. No liability was found under section 11 of Chapter 93A
(3) COURTS DETERMINATION OF DAMAGES
In determining damages on the counterclaim, the Court established the value of a woodchipper at $12,500. That amount was reduced by the amount due on a note. This latter reduction is not in issue. (Report, Exhibit A, p. 3-4, para. 22)
No ruling of law was filed on this issue. We are limited to Dist./Mun. Cts. R Civ. R, Rule 52 in our review.
From the Report, it is clear that Labrie was given a secured interest in a wood-chipper which was initially auctioned by Labrie. The Court found the $8,000 sale price at auction to be “much below its value.” (Report, Exhibit A, p. 3, para. 15) The woodchipper cost $15,000 and had been used 290 hours. The Court found it worth $12,500.[2]
The Court found damages in the context of a violation of c. 93A, §2. That chapter “is a statute of broad impact which creates new substantive rights and provides new procedural devices for the enforcement of those rights.” Slaney v. Westwood Auto, Inc., 366 Mass. 688, 369 (1975). A judgment under c. 93A is in addition to, and not an alternative to, traditional contract remedies. York v. Sullivan, 369 Mass. 157, 164 (1975). Under c. 93A the plaintiff is entitled to recover for all losses which were the foreseeable consequences of the defendant’s unfair or deceptive practices or acts. Dimarzo v. American Mutual Ins. Co., 389 Mass. 85, 101 (1983). It is clear on these facts that the circumstances surrounding the sale and the sale of the woodchipper itself were found to constitute an unfair or deceptive practice (Report, Exhibit A, p. 3, para. 21).
The appellant’s contention as to the calculation of damages has no merit in fact or law.
(4) MOTION TO DISMISS APPEAL
Tacy filed a motion to dismiss this appeal in the trial court following the timely filing of a draft report by Labrie but alleging violation of the time sequence in Dist./Mun. Cts. R. Civ. R, Rule 64(c) (5). That motion was denied by the trial judge. The action of denying the motion gave Tacy rights under Rule 64 in seeking a report on the issue. None was pursued. There is no issue before us.
The Report is dismissed.

It is clear from the brief of the appellant that our review of the findings of unfair or deceptive practices is contemplated. The scope of our review, however, is limited to the issue framed in the Report notwithstanding review under Dist./Mun. Cts. R. 52.

The Report at page 3, para, k, indicates that there was evidence presented by plaintiff that the sale was conducted in a commercially reasonable manner. In its findings of fact the Court did not review this issue other than to find the auction sale resulted in “an amount much below its value” (Report, Exhibit A, page 3, para. 15) and that the woodchipper’s value on the day of sale was $12,500. (Report, Exhibit A, page 3-4, para. 22)