Martin, RJ.
This is a matter concerning attorney fees on a 93A claim. The plaintiffs’ total legal fees for some twenty (20) counts against four (4) defendants amounted to $12,000.00. The trial judge awarded $2,050.00 on the 93A count; the only count on which there was recovery. We remand to the trial judge.
The law is clear that the award of attorney fees in this instant matter is limited to *88 only provable hours attributed directly to the 93A claim and no other matters; Miller v. Risk Management Foundation of the Harvard Medical Institutions, Inc., 36 Mass. App. Ct. 411, 423 (1993-1994).
The trial judge has failed to apportion the fees appropriately by limiting his award of attorney fees, under our decided case law, to just matters directly concerning the 93A claim. Bump v. Robbins, 24 Mass. App. Ct. 296, 313 (1987); Jet Line Services v. American Employee Insurance Co., 404 Mass. 706 (1989); Miller v. Risk Management Foundation of the Harvard Medical Institutions, Inc., 36 Mass. App. Ct. 411, 423 (1993-1994); Hanner v. Classic Auto Body, Inc., 10 Mass. App. Ct. 121, 123-124 (1980); Peckham v. Continental Casualty Insurance Co., 895 F.2d 830, 841.
Attorney fees assessed under 93 should be based only on the actual time spent on the 93A proceedings; Refuse and Environmental Systems v. Industrial Services of America, 932 F.2d 37. One of the determinative factors in assessing an appropriate fee is the result achieved. In this case a recovery of $2,050.00. The plaintiff prevailed only on one of five counts against the defendant. The fee should be based upon what the services were objectively worth and not what the attorney may usually charge, Heller v. Silverbranch Construction Corp., 376 Mass. 621, 629 (1978). Factors involved are: (1) how long the trial lasted; (2) complexity of the legal issue; (3) competence of the attorney; (4) the result obtained; and (5) the experience and reputation of the attorney. The usual price that would be charged for this result would certainly not be $10,000.00. Linthicum v. Archambault, 379 Mass. 381, 388 (1979).
The failure of the trial judge to set forth any findings to justify a $10,000.00 legal fee for this type of case and result requires a remand to file trial judge to explain his determination, as we can only guess as to the logic as to how the figure was arrived at. See in that connection, Peckham v. Continental Casualty Co., 895 F.2d 830, 841 (1st Cir. Mass. 1990).
We remand this matter to the trial justice for findings consistent with the guidelines within this opinion and only for fees directly arising out of the 93A claim. We vacate the fee award.