Wheatley, P.J.
Seeking to have improvements made to their property, Mr. and Mrs. McDonough (the McDonoughs) hired Ferrari Pool ‘N Patio, Inc. (Ferrari) in April, 1995, to install a swimming pool. Unsatisfied with the results, they sued Ferrari on January 21,1997, for breach of contract, misrepresentation, and violations of G.Lc. 93A. The matter was tried before a jury in October, 1998, who returned a verdict in favor of Ferrari on the counts for breach of contract and misrepresentation. Additionally, the jury found that Ferrari had violated c. 93A, but that no damage from the violation resulted to the McDonoughs. Thereafter, the trial judge, adopting the jury’s findings on the issue of the 93A violation, assessed Ferrari with nominal damages of $25.00, trebled to $75.00, and reasonable attorney fees and expenses in the amount of $16,091, plus costs, from which judge’s ruling Ferrari has filed this appeal under Dist./Mun. Cts. R. A. D. A., Rule 8C. We affirm the trial court’s decision as to liability and remand it for a determination of a proper amount of legal fees and costs.
In his Notice of Appeal, Ferrari raises two issues for our consideration: 1) whether the trial judge erred in adopting the jury’s verdict on the 93A issue, and 2) whether the trial judge abused his discretion in his award of legal fees and costs.
Concerning the first issue, Ferrari’s counsel argues that, because the jury found no liability on Ferrari’s part for misrepresentation or breach of contract, and these issues were the basis for the c. 93A demand letter, the judge was precluded from finding Ferrari liable for a c. 93A violation. This issue has been addressed in several instances by the Appeals Court, in Acushnet Federal Credit Union v. Roderick, 26 Mass. App. Ct. 604 (1988) and cases cited, and more recently in Chamberlayne School & Chamberlayne Jr. College v. Banker, 30 Mass. App. Ct. 346, 353 (1991) and Wyler v. Bonnell Motors, Inc., 35 Mass. App. Ct. 563 in 1993. In Wyler, at page 566, the Court noted, “In [this] setting the judge has the choice of: (1) allowing the jury to decide the 93A question as well; (2) taking from the jury a nonbinding advisory opinion of the 93A question; or (3) deciding the 93A question independently.” (That Court, as did the court in the case at bar, also made a finding that the defendant had acted wilfully, “... thus laying the foundation for multiplying the damages ...,” per G.L.c. 93A, §9(3).) The Appeals Court has basically concluded that a judge may make independent and, therefore, different, findings *101 on the c. 93A aspect of a case that arises out of the same facts which gave rise to parallel common law claims. The constitutional right to trial by jury is not implicated because there is no right to a jury trial of a c. 93A claim. Nei v. Burley, 388 Mass. 307, 315 (1983), 446 N.E.2d 674. Chamberlayne, supra, at 354.
Any argument that, because the jury's finding of liability under c. 93A is invalid (because it is inconsistent with their findings under the claims of fraud and breach of contract), any finding by the judge based on the jury’s finding is also, by definition, invalid, is unfounded. If a judge can make his own determination of c. 93A liability without regard to the jury’s findings, he can do the same thing by adopting a finding of the jury consistent with his own decision. Moreover, any analogies between common law claims for breach of contract, fraud, or deceit and claims under c. 93A are inappropriate because c. 93A dispenses with the need to prove many of the essential elements of those common law claims. A plaintiff in a c. 93A case, for example, need not prove the existence of a contract, the defendant’s intent to misrepresent, or his own reliance on the misrepresentation, all traditionally issues of fact for the jury. See Nei v. Burley, supra. See also W. Oliver Tripp Co. v. American Hoechst Co., 34 Mass. App. Ct. at 753-754 (1993) (trial judge thought jury’s verdict on parallel contract count was wrong and determined there was no basis for a c. 93A claim founded on a failure by the defendant to perform under a distributorship contract); Wallace Motor Sales, Inc. v. American Motor Sales Corp., 780 F.2d 1049, 1063-1067 (1st Cir. 1985) (trial judge may — and did — differ with jury as to whether a counterclaim based on c. 93Ahad been made out).
Finally, the issue as to the sufficiency of the evidence to support the judge’s finding of c. 93A liability, and treble damages, is not before us. Nothing in the record[2] indicates that any requests for rulings of law concerning the determination of the issue under c. 93A by the trial judge were filed by Ferrari, as delineated in Mass. R. Civ. P., Rule 64A. Ferrari’s mere objection to, or charge of error in, the trial court’s general finding for the plaintiff presents no question for appellate review. Ducker v. Ducker, 1997 Mass. App. Div. 147. “ [T] he question of the correctness of a general finding or decision cannot be raised by an exception or claim of report [or appeal].... The reason is that exceptions or claims of report [or appeals] lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented. Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955). Having filed no requests for rulings, Ferrari waived any appellate consideration of legal issues. Worcester County Nat'l Bank v. Brogna, 386 Mass. 1002 (1982), and cases cited.
As to the challenge to the propriety of the judge’s approval of legal fees (issue (2) above), Ferrari argues that his c. 93A response was reasonable, and that the court should have awarded no counsel fees and costs.[3] However, because there is no transcript available delineating the evidence considered and any discussions between the parties and the court, and no findings of fact by the judge, we are unable to examine the basis for the determination that an award of legal fees was appropriate. Ferrari also challenges the amount of the fees awarded. An examination of the McDonoughs’ attorney’s bills submitted by way of affidavit in connec *102 tion with the plaintiffs’ request for reasonable attorneys’ fees, including the cost of depositions and experts, shows a total amount of $16,091.00. Despite the fact that the plaintiff lost on the contract and misrepresentation claims, on which most of the trial time was spent, the trial judge awarded 100% of the plaintiffs’ legal fees. G.L.c. 231, §110. Also, see Paula J. LaPorte v. Royal Indemnity Company, 369 Mass. 970 (1976).
‘The law is clear that the award of attorney fees in [this kind of case] is limited to only provable hours attributed directly to the 93A claim and no other matters.” Downes v. Peczka, 1996 Mass. App. Div. 87. ‘The amount of the fee is largely discretionary” (Linthicum v. Archambault, 379 Mass. 381, 388 [1979]), and is to be based ‘‘not on what the attorney usually charges but, rather, on what his services were objectively worth.” Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978). The trial court’s discretion, however, is not unbridled. Cf., e.g. Independent Oil and Chemical Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., 864 F.2d 927, 929 (1st Cir. 1988). Factors in making such a determination are “(1) how long the trial lasted, (2) the difficulty of the legal and factual issues involved, and (3) the degree of competence demonstrated by the attorney.” Heller, supra. “[T]he judge ... [passing on the award] should [also] consider ... the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Hanner v. Classic Auto Body, Inc., 10 Mass. App. Ct. 121 (1980), at 123. Further, “[t]he case law suggests that, if a plaintiff prevails on some, but not all, of his claims, and there is no interconnection, the fee award might be limited to the time spent regarding the proven chapter 93A violation.” Peckham v. Continental Cas. Ins. Co., 895 F.2d 830 (1st Cir. 1990). Here, the jury specifically attributed no liability to the defendant on the common law claims, but liability on the statutory 93A claim. There appears, therefore, to be no “interconnection” and the plaintiffs should only be entitled to the fees and expenses which they prove are connected to the 93A claim. Although the bills rendered by the McDonoughs’ attorney contain much general language and are not specific as to which parts of the case they apply, at least some of the bill amounts were for consultation with, and trial time expense of, engineers concerning the alleged breach of contract, and were obviously not related to the 93A claim. The burden is on the plaintiffs to prove what portions of their fees and expenses are 93A related. G.L.c. 93A, §9(4).
ACCORDINGLY, we affirm the trial court’s decision insofar as liability for damages is concerned, and remand this case for a hearing and determination of the amount of legal fees and costs recoverable by the plaintiffs under c. 93A in accordance with this opinion.
SO ORDERED.

 That portion of the transcript that is included in the record covers only the jury trial, not the subsequent hearing before the judge on the 93A issue, the multiple damage issue, or the question concerning legal fees. Moreover, the issue of the appropriateness of the trebling of the damages was not raised on appeal.

 “G.L.c. 93A, §9. Civil actions and remedies; ... provided, however, the court shall deny recovery of attorney’s fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief required by this section.”