Ripps, J.
This appeal, pursuant to Dist/Mun. Cts. RADA, Rule 8C, concerns a jury’s verdict for the defendant and a judge’s finding for the plaintiff on the underlying c. 93A claim in the aftermath of a home construction. The plaintiff acted as his own general contractor to construct his home in Leicester during 1993. He had plans drawn by a local sanitation engineer, who was not an architect, and he hired the defendant, a carpenter, to frame the house in accordance with the plans. The house was to have a scissor truss system to support the cathedral ceiling. At some point dining construction, it became apparent that the walls of the house were bowing and there were other problems.
The plaintiff brought a three count action against the defendant alleging breach of contract, negligence and violation of c. 93A The breach of contract and negligence action were tried by a jury in the Worcester District Court with the judge treating the verdict as advisory on the c. 93A claim. The major area of contention was whether the defendant, after being told by the building inspector that the proposed scissor truss system was inadequate and that additional wall tie supports were needed, either informed the plaintiff of the necessary change, and/or, installed the wall ties. The plaintiffs evidence was that he was never told about the wall ties, nor were they installed; while the defendants evidence was that he told the plaintiff and installed the wall ties. The jury found that the defendant did not breach the contract, but that file defendant was 10% negligent and the plaintiff was 90% negligent in causing damage to the plaintiffs property in the amount of $60,000.
The judge then heard further on the 93A count[2] The plaintiff did not file Requests for Rulings. In a Memorandum of Decision, the judge found: (1) that the defendant who held himself out as a skilled builder, undertook to redesign the roof support system, but it was beyond his skill to do so, which he failed to tell the plaintiff, (2) that the roof was not built in conformance with design changes approved by the building inspector and (3) that the roof was unsafe and built in violation of the state building code. As a result, the judge concluded that the house was constructed negligently. The judge also concluded that the defendants actions constituted an unfair *29 and deceptive act and that he failed to make a reasonable settlement offer.[3]
The judge then considered that the jury found both parties to be somewhat responsible, but instead of jury’s 90% plaintiff-10% defendant split, he apportioned their negligence equally. Then, using the jury’s $60,000 damage assessment halved, he assessed damages against the defendant in the amount of $30,000, then doubled the damages to $60,000, and awarded attorney’s fees.
The defendant contends that the judge was required to write findings pursuant to Mass. R Civ. P., Rule 52(a); and that his findings that the defendant undertook to redesign the roof, and that it was beyond his skill, and that he did not construct the dwelling in accordance with changes approved by the building inspector, were against the weight of the evidence, and clearly erroneous.
District Court judges are not required to “find the facts specially and state separately ... conclusions of law” pursuant to 52(a), but may do so under 52(c). “[A]s we read the trial judge’s Memorandum, neither in title, form nor comprehensiveness does it begin to meet the standards of Rule 52(a) or 52(c) that the judge ‘find the facts specially and state separately [his or her] conclusions of law thereon ...’ Kather, we view that Memorandum as simply the trial judge’s effort to outline some of his views on the evidence and the law, predsely the kind of message of the trial judge’s views to the parties and counsel that is ... a desirable practice.” Stigum v. Skloff, 2000 Mass. App. Div. 63, 67.
Where there are no requests for rulings filed by the defendant pursuant to Mass. R Civ. E, Rule 64A, a mere objection to, or charge of error in, the trial courts general finding for the plaintiff presents no question for appellate review. Ducker v. Ducker, 1997 Mass. App. Div. 147, McDonough v. Ferrari Pool N' Patio, 2000 Mass. App. Div. 100, 101. Where the trial judge elects to make written findings of fact; “a narrow window of appellate opportunity is created for the party who has failed to preserve his right to appellate review. Consideration may be given on appeal to the question of whether the trial court’s findings of fact are so devoid of support that they are ‘clearly erroneous.’” Fillion v. Cardinal, 2000 Mass. App. Div. 284, 286, quoting Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. In undertaking such a review, an appellate court accords the findings considerable deference “because of the trial judge’s superior position to assess the weight, and particularly the credibility, of oral testimony.” Id., quoting Macone Bros. Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. “If the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous.” Id., quoting W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 751 (1993). A trial courts findings will not be disturbed unless “on the entire evidence,” the appellate court is “left with the firm conviction that a mistake has been committed.” Id., quoting G.E.B. v. S.R.W., 422 Mass. 158, 172 (1996); Clegg v. Butler, 424 Mass. 413, 420 (1997) (judge’s 93A findings will not be disturbed unless clearly erroneous).
A judge may máke independent and, therefore, different, findings on the c. 93A aspect of a case arising from the same facts which gave rise to parallel common law claims, or may adopt jury findings consistent with his/her dedsioa Nei v. Burley, 388 Mass. 307, 315 (1983), Chamberlayne School & Chamberlayne Jr. College v. Banker, 30 Mass. App. Ct. 346, 353 (1991), McDonough v. Ferrari Pool N' Patio, supra at 100-101. A cause of action under c. 93A for an “unfair or deceptive act or practice” is “not dependent on traditional tort or contract law concepts for its definition,” but is best discerned “from the circumstances of each case.” Kattar v. Demoulas, 433 Mass. 1, 12 (2000), quoting Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 626 (1978) (builder’s misrepresentation of drainage); Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass. App. Ct. 545, 548 (1995). An act or practice can be deceptive if it can “reasonably be *30 found to have caused [persons] to act differently from the way [they] otherwise would have acted.” Lowell Gas Co. v. Attorney Gen., 377 Mass. 37, 51 (1979).
The defendant complains that there was insufficient evidence for the judge to find that his conduct violated c. 93A, since it was at most a breach of contract or negligence, and therefore multiple damages are not warranted. Under §11, the plaintiff’s damages are limited to actual damages if a breach of warranty is not a wilful or knowing violation of §2. See, Bachman v. Parkin, 19 Mass. App. Ct. 908 (1984) (builder who breached numerous obligations to construct a solar heating system, was in violation of c. 93A, §2, but conduct was not wilful), Linthicum v. Archambault, 379 Mass. 381, 388 (1979) (negligent roof reshingling is not wilful and intentional, therefore no multiple damages under §11); “[D]ecisions construing the multiple damages provisions ... have imposed such damages for ‘wilful’ or ‘knowing’ violations, equating the former with reckless conduct and the latter with intentional acts. “ Kattar v. Demoulas, supra, at 16, quoting Still v. Commissioner of the Dep’t of Employment & Training, 423 Mass. 805, 812-813 (1996).
In the context of building a house, the Mure to tell the homeowner of necessary design changes, and/or, Mure to make those changes; and/or, Mure to tell the homeowner of deficiencies in one’s skill, that lead to the negligent construction of the roof could be a material misinformation with reckless disregard for truth, which equates to wilfulness. St. Paul Surplus Lines Ins. Co. v. Feingold & Feingold Ins. Agency, Inc., 427 Mass. 372, 377 (1998). As a result we have no firm conviction that the judge committed a mistake in finding a 93A violation. And, his decision is supported by the record.
The defendant also complains that the judge’s adoption of the “finding of the jury that the repair costs causally related to the negligence of the defendant are in the amount sixty thousand dollars $60,000” are clearly erroneous. We agree. The jury specifically found at Questions 4-6 of the verdict form, that both the plaintiff and the defendant were responsible for the damage to the plaintiffs premises. At Question 7, the jury found that the defendant was 10% negligent and the plaintiff was 90% negligent At Question 8, it found that “amount of money [that] would fairly and adequately compensate the plaintiff for the damage to his property” was $60,000[4]
The judge adopted the jury’s determination that the plaintiffs damages equaled $60,000 and reduced this by half to reflect his finding that the plaintiff was 50% responsible for his loss. While the trial judge could adopt the jury’s findings as to the amount of the plaintiffs damages and could reject other jury findings, (see infra'..), he had no authority to reduce the plaintiffs damages in half The provisions of the comparative negligence statute, c. 231, §85, do not apply to damage awards made pursuant to c. 93A Once the judge determines that the plaintiff has been damaged as a result of a violation of either section 9 or 11 of c. 93A, the plaintiff is entitled to recover for all losses which were the foreseeable consequence of the defendants unfair or deceptive practices or acts. Dimarzo v. American Mutual Ins. Co., 389 Mass. 85, 101 (1983), Labrie Asphalt & Const., Inc. v. Tacy Excavating & Const. Co., Inc., 1995 Mass. App. Div. 165.
For this reason, we remand the case to the judge for assessment of damages arising out of the defendants violation of c. 93A, including reassessment of that portion of the attorneys’ fees reasonably related to the plaintiffs 93A claim.

 According to page 2 of his findings. However, no transcript of such proceeding, nor exhibits or affidavits were provided to this court, as required under Dist/ Mun. Cts. RAD.A, Rule8C.

 We have not been provided a copy of the Demand Letter. A demand letter is not necessary under §11, but is required under §9.

 Other allegations of damage included: re-plumbing the bay windows, shoring up the back deck, reattaching the stairs from the second-floor garage to the deck, tying down the second-floor garage, installing the planned spiral staircase, reconstructing the farmer’s porch, re-brace and plumb the rear porches, for which the total estimate was $98,000. In addition, the plaintiff would have to vacate for two months.