Connor, J.
The present case has returned to this court for a second time following its remand to the trial court for a hearing on a determination of legal fees. At the conclusion of the original trial, the judge awarded legal fees to the plaintiffs on their G.Lc. 93A claim in the amount of $16,091. After remand by this court with directions *3 for determining the appropriate award, the trial judge denied the plaintiffs’ claim and they have appealed pursuant to Dist/Mun. Cts. RAD.A, Rule 8C.
The plaintiffs contracted with the defendant to install a swimming pool and make related improvements in their yard. Dissatisfied with the results, they sued the defendant. The case was tried before a jury in October 1998 and verdicts were returned for the defendant on claims for breach of contract and misrepresentation. An advisory verdict for the plaintiffs was returned on the remaining count alleging violation of G.L.c. 93A but awarding no damages. The judge adopted the jury’s findings and at the same time awarded legal fees and expenses in the amount of $16,091. The plaintiffs appealed that award.
This Court in Robert F. McDonough and Judith McDonough v. Ferrari Pool ’N Patio, Inc., 2000 App. Div. 1270, affirmed the trial judge’s finding of liability on the G.L.c. 93A claim but remanded the case with directions that the trial judge conduct a hearing and determine the amount of legal fees and expenses “attributed directly to the 93A claim and no other matters.” Downes v. Peczka, 1996 Mass. App. Div. 87. The Court opined that “there appears ... to be no interconnection” between the 93A clam and the allegations of breach of contract and misrepresentation. McDonough et al., Ibid. Consequently, the burden was placed upon the plaintiff to specifically establish those legal fees and expenses related to the 93A claim.
At the remand hearing, the plaintiffs’ attorney conceded he could not meet the Appellate Division’s standard of proof and instead argued that the Appellate decision’s guidelines were in error. The trial judge was left with no other alternative than to deny the plaintiffs any award of legal fees and expenses.
The issue of how the legal fees and expenses were to be determined was foreclosed by the earlier decision in the case and since the plaintiffs have failed to carry the burden of segregating those amounts, the trial judge’s decision to award no legal fees is affirmed.
So ordered.