Hand, J.
Appellant National Floors Direct Inc. (“National Floors”) sells carpeting and flooring products. Appellee New Kappa City Construction, Inc. (“New Kappa”) is a flooring subcontractor. According to the facts found by the trial judge, between December, 2007 and late February, 2008, New Kappa performed 81 carpeting or flooring installation projects for National Floors. The parties’ relationship, which began as an oral agreement, was formalized in February, 2008 by a written agreement for the work. Despite this step, however, the parties’ relationship rapidly deteriorated. Citing New Kappa’s shoddy workmanship, National Floors declined to reimburse New Kappa for some or all of approximately thirty installations New Kappa had performed, and by late February, 2008, New Kappa had declined to perform any more work for National Floors.
New Kappa filed suit against National Floors in December, 2008 for amounts it claimed were due to it under its subcontractor agreement with National Floors, and for violations of G.L.c. 93A. National Floors counterclaimed for amounts it alleged were due to it based on New Kappa’s poor-quality work under the contract, and for attorney’s fees. The case was tried, jury waived, over the course of two days in January and February, 2009. Both parties submitted timely requests for findings of fact and proposed rulings of law. The trial judge’s findings and rulings included the following:
At trial, the Defendants did not produce any evidence by testimony, or exhibits that any of the installations were improper or deficient. In fact the documents introduced for each of the contested installations reveal that the consumers who responded were generally pleased with the installation, and the only complaints registered were about the quality of the products that were installed, not the installation. The employee of the Defendant who inspected the individual installations is unfortunately no longer available to testify and his potential testimony was not preserved otherwise. I therefore find that the contested installations were performed *250 in good workmanlike manner with no discrepancies or substandard work and the Defendant breached the contract by not reimbursing the Plaintiff for work performed or returning funds in escrow.
As to National Floors’ counterclaims, the trial court noted that the parties’ written contract gave National Floors sole discretion to evaluate the quality of New Kappa’s installation work, but required National Floors to exercise that discretion with “good faith” and in a spirit of “fair dealing.” Finding no “good faith” basis for National Floors’ withholding of payments from New Kappa, the judge found against National Floors on its counterclaims.
The trial court’s final determination, and the one with which National Floors takes issue, was its finding in favor of New Kappa on its G.L.c. 93A claim. On that point, the court said:
Based on [the findings with respect to New Kappa’s breach of contract claim] that the Defendants did not act in “good faith” in denying compensation to the Plaintiffs for the work performed, I find that the Defendants violated the provisions of M.G.L.c. 93A §11, and I therefore award double damages and reasonable attorney’s fees to the Plaintiffs.
On appeal, National Floors makes two arguments: first, that the trial court’s finding for New Kappa on the G.L. c. 93A claim required a finding that National Floors breached the contract in “bad faith,” rather than on the lack of good faith actually found; and second, that the court erred in awarding punitive damages in the absence of a finding that National Floors’ conduct in breaching the contract was wilful, knowing, or in bad faith.
1. In determining whether particular conduct runs afoul of G.L. c. 93A, our courts will consider “(1) whether the practice ... is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen).” PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975), quoting 29 Fed. Reg. 8325, 8355 (1964). The analysis is necessarily fact specific, and the presence or absence of the requisite unfairness “is determined from all the circumstances.” Duclersaint v. Federal Nat’l Mtge. Ass'n, 427 Mass. 809, 814 (1998), citing Martin v. Factory Mut. Research Corp., 401 Mass. 621, 623 (1988), and Swanson v. Bankers Life Co., 389 Mass. 345, 349 (1983). While a good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a G.L.c. 93A claim is made, id., citing Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, 505 (1997), and Framingham Auto Sales, Inc. v. Workers’ Credit Union, 41 Mass. App. Ct. 416, 418 (1996); see Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 226 (1992), unilateral, self-serving conduct disregarding known contractual obligations may amount to an unfair act or deceptive practice for the purposes of G.L.c. 93A. See Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 474 (1991). The proper focus in determining fairness for the purposes of a G.L.c. 93A claim is on “the nature of the challenged conduct and the purpose and effect of that conduct.” Massachusetts Employers Ins. Exch. *251 v. Propac-Mass, Inc., 420 Mass. 39, 43 (1995), citing PMP Assocs., Inc., supra at 596.
Here, the trial court’s decision was based on National Floors’ lack of good faith in denying New Kappa payment for its flooring work. While, as National Floors aptly points out, a party’s lack of good faith does not necessarily lead to the conclusion that the party acted in bad faith, see T.W. Nickerson, Inc. v. Fleet Nat’l Bank, 456 Mass. 562, 570 (2010), it is well settled that a breach of the implied covenant of good faith and fair dealing may constitute an unfair or deceptive act or practice for the purposes of G.L. c. 93A See, e.g., Anthony’s Pier Four, Inc., supra at 476. It is the nature of the conduct, and not the label applied to that conduct, that is determinative of a given G.L. c. 93A claim.
On the record before us, we see an adequate basis for the court’s award of G.L.c. 93A damages to New Kappa. The trial judge did not simply find that National Floors breached its contract with New Kappa by failing to pay. His findings also suggest that National Floors sought to avoid payment by making unsubstantiated claims that New Kappa’s work was of substandard quality.[2] Even within the rough-and-tumble world of commerce, such conduct might reasonably be seen as the type of “immoral, unethical, oppressive, or unscrupulous” behavior that calls for sanctions under G.L.c. 93A. See PMP Assocs., Inc., supra at 596; Schwanbeck v. Federal-Mogul Corp., 31 Mass. App. Ct. 390, 414-415 (1991), S.C., 412 Mass. 703 (1992) (seller of business liable for misrepresentations made during sale, although not for discussing different details to one party rather than another). A trial judge’s finding of “bad faith” is one way for the judge to express his or her conclusion that the nature of the conduct established by the evidence reaches the level of a G.L.c. 93A violation; in our view, it is not the exclusive way of doing so. In light of the facts found by the judge, the sufficiency of those facts to establish a G.L.c. 93A violation, and the judge’s ultimate finding of a G.L.c. 93A violation, we find no error in the courf s ruling in favor of New Kappa on its G.L.c. 93A claim.
2. National Floors also challenges the trial court’s award of double damages on the G.L.c. 93A claim. Under G.L.c. 93A §11, a party is entitled to multiple damages for “wilful” or “knowing” violations of the statute. See also Depattie v. Taylor, 2001 Mass. App. Div. 28, 30. We find in the record a proper basis for the trial court’s deter- *252 initiation that National Floors’ conduct warranted the imposition of multiple damages, and affirm the judgment.[3] See Service Publ., Inc. v. Goverman, 396 Mass. 567, 578 (1986), citing Shaw v. Rodman Ford Truck Ctr., Inc., 19 Mass. App. Ct. 709, 710-712 (1985) (judge need not make an express finding of “wilful” or “knowing” violation of G.L.c. 93A, §2 “as long as the evidence warrants a finding of either”).
Judgment affirmed.
So ordered.

 Further, although not included in the judge’s findings, there is evidence in the record that National Floors arranged for New Kappa to take new jobs while stalling on paying the invoices for New Kappa’s past work, and that it did so without alerting New Kappa to National Floors’ purported dissatisfaction with the quality of New Kappa’s work; that National Floors held the only fully executed copies of the written contracts between itself and New Kappa, but failed to provide New Kappa with a copy of the contract despite New Kappa’s representatives’ repeated requests for such a copy; and that National Floors abused the “retainage” provision in its contract with New Kappa. See, e.g., Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 51 (1st Cir. 1998) (interpreting Massachusetts law, finding defendant acted unfairly and deceptively where it “repeatedly promised to pay... outstanding ... invoices, though it had no intent to do so”).

While the court appears not to have considered information known to the National Floors employee, now deceased, who inspected certain of New Kappa’s installations, we note that it could have done so. Although, as the trial court correctly determined, the information available through that inspector would have raised hearsay concerns, such information could have been considered on the issue of National Floors’ state of mind. See Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 726 (1979) (“Whether a given practice is unfair or deceptive under G.L.c. 93A must be determined from the circumstances of each case. Resolution of the basic dispute under the circumstances of this case depends upon a factual determination of [the defendant’s] knowledge and intent” [citations omitted]).