JEREMIAH TUTTLE *vs.* SAMUEL BEAN.

A landlord, to whom rent was payable monthly, gave notice to the tenant, on the 1st of November, to quit "for the non-payment of rent:" On the same day, the tenant tendered to the landlord the amount of several months' rent; but it did not appear whether the tender was before or after the service of the notice: When the tender was made, the landlord said he did not wish to take the money, as repairs had been made by the tenant, and he did not know what balance was due; and he told the tenant that he need not quit the premises, and that when he (the landlord) should come again, he would see what the balance was, and would settle: After the tenant had continued in possession six or seven weeks, the landlord brought an action against him on the Rev. Sts. *c.* 104. *Held,* that the landlord, under the notice given by him, could recover only on the ground of non-payment of rent; that if the tender was before notice given, and the landlord declined to receive the money, for the reason given by him, then the rent was not in arrear, within the meaning of the law, and the landlord could not recover on that ground; that if the tender was after notice given, and the landlord declined to receive the money, and told the tenant that he need not quit, this was a waiver of the notice and a renewal of the tenancy, and the landlord could not recover on that notice.

THIS was an action on the Rev. Sts. *c.* 104, commenced in the police court of Lowell, on the 19th of December 1844, to recover possession of a tenement in Lowell. On appeal from said court, the case was tried in the court of common pleas, before *Cushing,* J. The plaintiff gave evidence that he caused a written notice, signed by him, to be served upon the defendant, on the 1st of November 1844, to quit said house, "for non-payment of rent." He also gave evidence that the rent was, by a contract of his agent with the defendant, to be two dollars per month, payable monthly; and evidence tending to prove that the rent was in arrear, when the notice to quit was given.

The defendant gave in evidence the following receipt: "Lowell, April 10th 1844. Received of Samuel Bean two dollars for one month's rent to March 23d 1844. Timothy Frye for Jeremiah Tuttle." It also appeared that said Frye had been an agent of said Tuttle, the plaintiff. It also appeared that a notice to quit had been served on the defendant prior to the notice above mentioned, viz. on the 19th of October 1844, purporting to be signed by the plaintiff.

The defendant also introduced a witness who testified that

on the 1st of November 1844, he saw the defendant offer the plaintiff seventeen dollars in payment of the balance of the rent ; that the plaintiff said the defendant had made repairs on the premises, and that he (the plaintiff) could not tell what the balance was, and did not care about taking the money ; but that the defendant need not quit the premises ; and that he had no objection to the defendant's remaining in possession of the premises, and that when the plaintiff came to Lowell again, he would see what the repairs were, and would settle. It did not appear whether this conversation was before or after the service of the plaintiff's notice, of November 1st 1844, on the defendant to quit.

Upon this evidence, the judge charged the jury, that it did not appear that a legal tender had been made, by the defendant to the plaintiff, of the balance of rent, so as to bar the plaintiff's suit ; it not appearing that said tender was made when the rent became due. The jury thereupon found a verdict for the plaintiff. The defendant alleged exceptions.

*Caverly,* for the defendant. The charge to the jury was contrary to the provision of Rev. Sts. *c.* 100, § 14, that "the payment or tender of payment of the whole sum due on any contract for the payment of money, although made after the money has become due and payable, may be pleaded to an action subsequently brought, in like manner, and with the like effect, as if such payment or tender had been made at the time prescribed by the contract." But if the law had required the tender to be made when the rent became due, the plaintiff waived all exceptions to its not being made earlier, not only by his not objecting to the tender, but also by his reply to the defendant on the first of November 1844. The only excuse, made by the plaintiff, for not receiving the rent, was, that part of the rent had been paid by repairs, and he had not ascertained the amount that was due to him. At the same time, he told the plaintiff that he need not quit the premises. By this all prior notices to quit were waived.

But it is a sufficient ground to sustain the exceptions, that upon the question of tender, the charge was erroneous. So

Tuttle *v.* Bean.

far as the case finds, this was the only question on which the jury were charged.

*Beard & Gunnison,* for the plaintiff. As a full month's notice to quit was given before this action was commenced, the plaintiff could maintain the action. Such notice would have terminated the tenancy, even if no rent had been due. Rev. Sts. *c.* 60, § 26.

A tender of rent must always be made at the time it becomes due, if any advantage is to be taken of such tender. *Carley* v. *Vance,* 17 Mass. 389. *Dewey* v. *Humphrey,* 5 Pick. 187.

If the defendant made a tender, on the 1st of November 1844, as alleged, he confessed, by the amount which he tendered, that he had then forfeited his tenancy.

Shaw, C. J. It was argued for the plaintiff, that, by Rev. Sts. *c.* 60, § 26, he might recover in this process, on a month's notice to quit, where the defendant held as tenant at will, paying rent, by agreement, at intervals of one month, whether the rent was in arrear or not. Perhaps he might, had his notice to quit been general ; but the case finds that it was a specific notice to quit " for the non-payment of rent." Upon that ground only can he recover, under this notice.

The question was upon the sufficiency of the tender, and waiver of the notice. The notice to quit and the tender being made on the same day, but it not being stated at what hour of the day they respectively took place, it was left doubtful whether the tender was made before or after the notice. If the tender was made before notice given, and the complainant declined receiving it for the reason stated, then the rent was not in arrear, within the meaning of the statute, the notice was not sustained by the fact, and the plaintiff could not proceed on that ground.

If this interview took place after the notice was given, on the same day, and the plaintiff declined taking the money when offered, and told the defendant he need not quit, it was a waiver of the notice, a renewal of the tenancy at will, and the plaintiff could not sustain his complaint on that notice.

As the main object of the statute apparently is, to secure and enforce the payment of rent, there is, perhaps, good ground to hold, that if the full amount of rent is tendered at any time before proceedings are commenced, under the landlord and tenant act, it is a good bar to such complaint. Rev. Sts. c. 100, § 14. But the court have not thought it necessary to proceed on that ground, in the present case; being of opinion that the charge was incorrect, in not submitting to the jury the evidence showing that the plaintiff declined to receive the money, not because it was not tendered when it became due, but on other distinct grounds, if made before the tender; or to prove a waiver of the notice, if made after.

*Verdict set aside, and a new trial to be had in this court.*