### EDWARD C. WALKER *vs.* ANDREW SHARPE & another.

The service of a notice under the Gen. Sts. c. 90, § 31, to determine an estate at will in a shop occupied by the tenant with a partner, is sufficient, if on the day of its date the notice is delivered at the shop to and read by the partner, whom the tenant has left in charge of his business while he and his wife (constituting his whole family) are out of the Commonwealth.

ACTION on the Gen. Sts. *c.* 137, for possession of a shop in Lawrence. Writ dated September 17, 1866.

At the new trial in the superior court, before *Putnam*, J., after the decision reported 14 Allen, 43, it was not disputed that the defendant Sharpe hired the shop in 1863, by an oral agreement with the agent of the owners, for a rent payable monthly on the first day of each month, and thenceforth occupied it alone until January 1866, when he entered into partnership with John C. Stewart, the other defendant, and from that time with Stewart. But there was no evidence to charge the owners of the shop with knowledge of its occupation by the firm ; and it appeared that after as before January 1866 the bills for the rent were made out to Sharpe alone.

It appeared that Sharpe resided in Lawrence with his wife, "who constituted his whole family ; " and there was evidence tending to show that on July 26, 1866, he went with her to New Hampshire, " leaving his partner Stewart in charge of his business," and that they did not return to Lawrence until August 3. There was also testimony that on August 1, 1866, the owners of the shop caused to be delivered at it to one of the clerks of the firm, there in attendance, a notice addressed to Sharpe for the purpose of determining his tenancy, which notice bore date of that day, warned Sharpe to quit on September 1, was delivered by the clerk to Stewart, and by him read soon after it was left at the shop, and was communicated to Sharpe upon his return on August 3. It was not disputed that on September 1, 1866, the owners made a written lease of the shop for years to the plaintiff ; and that this lease was shown to Sharpe on or before September 10, and demand made on him by the plaintiff for possession of the premises ; and that after the de-

mand and before the bringing of this action the defendants had a reasonable time within which to have vacated the premises; and it appeared that on September 17, the date of the writ, the defendants forcibly ejected the plaintiff from the shop, which he had entered through a back window and refused to leave on their request.

The judge ruled " that the only question of fact in the case was whether the notice was really delivered to Sharpe on August 1," and " that, if the jury found that it was left at the shop on August 1, Sharpe being absent from the city, but was not delivered to him until a subsequent day, it would be insufficient, and their verdict must be for the defendants." The jury found for the defendants; and the plaintiff alleged exceptions.

*D. Saunders & N. W. Harmon,* for the plaintiff.

*S. B. Ives, Jr.,* for the defendants.

GRAY, J. The oral lease from the owners of the land to Sharpe created a tenancy at will only. Gen. Sts. *c.* 89, § 2. Sharpe's taking a partner and admitting him into joint occupation with himself did not, in our opinion, amount to an assignment of his interest, or affect his own right in the premises. It has already been decided that, if the notice to quit was duly served on the 1st of August, the tenancy at will was determined and the plaintiff might maintain this action. *Walker* v. *Sharpe,* 14 Allen, 43.

The question is now presented whether there was a sufficient service of the notice to quit. The Gen. Sts. *c.* 90, § 31, provide that " estates at will may be determined by either party, by three months'" (or of a time equal to the interval between the days of payment of rent, when less than three months) " notice. in writing for that purpose given to the other party;" but do not prescribe how such notice shall be given; and the statutes as to the service of writs have no application. The only reported case upon the subject in this Commonwealth is *Blish* v. *Harlow,* 15 Gray, 316, in which service on the defendant's wife at his dwelling-house on the premises, while he was away from the house, but not out of town, was held sufficient. But in England it is well settled that — although the mere leaving of a

notice to quit at the defendant's dwelling-house off the demised premises, without explaining it to any one, is not good — either leaving a notice with the tenant's wife or servant, explaining its contents, at his dwelling-house off the premises, or delivering a notice on the premises to his wife or agent, or any other person occupying the same jointly with or under him, is a sufficient service. *Doe* v. *Lucas*, 5 Esp. 153. *Jones* v. *Marsh*, 4 T. R. 464. *Doe* v. *Dunbar*, Mood. & Malk. 10. *Roe* v. *Street*, 2 Ad. & El. 329. *Doe* v. *Ongley*, 10 C. B. 25, 34. *Smith* v. *Clark*, 9 Dowl. 202. And upon principle, it would seem that a notice delivered to an authorized agent upon the premises would be quite as likely to reach the tenant, or to be attended to if he did not receive it in person, as a notice given to one of his family or household at his dwelling-house in his absence. In this case, it appeared that the notice addressed to the defendant Sharpe was delivered upon the day of its date, on the demised premises, to and read by his partner, whom he had left in charge of his business, and while Sharpe and his wife (who constituted his whole family) were out of the Commonwealth. Under these circumstances, the mode of service adopted, if not the only one practicable for the landlord, was clearly the most beneficial to the tenant, and must be held sufficient. As the jury were instructed otherwise on this point, the *Exceptions must be sustained.*