FREDERICK W. G. MAY *vs.* FREEMAN RICE & another.

A tenant of a store, under an oral lease, at a certain annual rent payable quarterly, and the taxes, which was about to expire, told the lessor that he was looking for another store, but would like to remain after the expiration of his term at the same rate, either party to terminate the tenancy by giving a month's notice; and the lessor assented. *Held,* that the notice under this agreement might be given at any time during the tenancy which it created.

A tenant at will sent to his landlord's office a notice to determine the tenancy. The office door was closed, and had on it a placard requesting letters to be put in, a box near by. The notice was put in the box; and the landlord found it there the next day. *Held,* that it took effect only from the time when the landlord received it.

A tenant of a parcel of real estate under an oral lease at a certain annual rent, payable quarterly, and the taxes, held over "at the same rate" after the expiration of his term, with a right to terminate the tenancy by giving notice; and remained only a month and two days. *Held,* that he was liable to pay such a proportional part of the annual rent and taxes as a month and two days bore to a twelvemonth.

CONTRACT against Freeman Rice and Edwin Rice, partners under the name of F. & F. Rice & Company, on the following account annexed: " Messrs. F. & F. Rice & Company, to Frederick W. G. May, Dr. 1869, September 1. For one quarter's rent, store 11 Broad Street, Boston, $800. November 1. Taxes for 1869 on same paid by plaintiff, $575.40. December 1. One quarter's rent same, $800. Renewal of glass, $10.50." Writ dated December 8, 1869. Trial in the superior court, without a jury, before *Putnam,* J., who reported the case for the determination of this court, substantially as follows:

The plaintiff was the owner of a store on Broad Street in Boston, and leased it orally to the defendants for one year from June 1, 1868, for a rent of $3200 per year, payable quarterly, and the taxes. " In May 1869, an interview was had between the parties, in which something was said about a renewal for another year, but none was determined upon, as the defendants stated they were looking for a new store ; but it was agreed that they might remain there at the same rate, and that either party might terminate the tenancy by giving one month's notice to the other in writing. On June 1, 1869, in the morning, the defendants paid to the plaintiff the quarter's rent due that day, and in the afternoon of the same day, having procured the lease of another

store during that day, and after paying the rent, wrote a letter to the plaintiff " notifying him that they should leave the store on July 1. " This letter was sent by them to the plaintiff by one of their clerks. The clerk went to the plaintiff's office, and found the door locked, but on the outside of it a writing, put there by the plaintiff, requesting any person having notes for him to leave them in his box in a store below stairs. The clerk thereupon took the letter and deposited it in the box, where the plaintiff found it the next day. The defendants left the store on June 30, and sent the key to the plaintiff, who refused to receive it. The taxes paid by the plaintiff on the store for the year 1869 were $575.40, and he paid $10.50 for resetting glass broken while the defendants occupied, and for which they would have been liable. A demand was made for the rent and taxes claimed, before the commencement of the suit. Upon these facts the court are to render such judgment as they may see fit."

*H. A. Clapp*, for the plaintiff.

*N. Morse*, for the defendants.

MORTON, J. For a year prior to June 1, 1869, the defendants occupied the plaintiff's store under a tenancy at will, which by its own limitation terminated on May 31, 1869. The report states that " in May 1869 an interview was had between the parties, in which something was said about a renewal for another year, but none was determined upon, as the defendants stated they were looking for a new store ; but it was agreed that they might remain there at the same rate, and that either party might terminate the tenancy by giving one month's notice to the other in writing." This agreement undoubtedly created a tenancy at will commencing June 1, 1869. But a tenancy at will may be terminated, not only in the manner provided by the statute, but at any time and in any mode mutually agreed upon by the parties. *Farson* v. *Goodale*, 8 Allen, 202. As the parties in this case have entered into a contract as to the time and mode of terminating the tenancy, their rights are to be determined by the fair construction of that contract, and not by the technical rules which apply to the termination of a tenancy at will where there is no contract on the subject. The stipulation between these parties was " that either

party might terminate the tenancy by giving one month's notice to the other in writing." By the natural import of this language, we think that either party may give written notice to the other at any time, and the tenancy be terminated at the expiration of one month therefrom. There is no provision in the contract that the month's notice shall expire at the end of a quarter, or of a calendar month; and we ought not to introduce into it, by implication, such stipulation, unless it clearly appears from the whole contract that such was the intention of the parties. And we are not able to see, either in the contract or the situation of the parties, anything which indicates that such was their intention. The lease was not for a year, or a quarter, or a month, but for an indefinite period, and both parties knew that the defendants, when the contract was made, were engaged in looking for another store.

Under all the circumstances, it seems to us that it was contemplated by the parties, and is the true construction of their contract, that the month's notice might be given at any time.

The case of *Baker* v. *Adams*, 5 Cush. 99, cited by the plaintiff, does not conflict with this decision. It recognizes the principle here applied, but the court was of opinion that the contract and circumstances of the parties, in that case, showed an intention that the notice provided for in the contract should expire at the end of a year of the term. The facts of the case were entirely different from those of the case at bar.

It follows from these considerations, that the defendants' tenancy, and their liability to pay rent, terminated at the expiration of one month after they gave the plaintiff notice in writing. But we do not think that dropping the notice into the plaintiff's box, as stated in the report, was a proper service upon him. He did not receive the notice until the next day, namely, June 2, and we think it must take effect from the time he actually received it. The result upon this branch of the case is, that the plaintiff is entitled to recover rent for one month and two days, at the rate agreed upon by the parties.

The plaintiff contends that the defendants are liable for the whole of the taxes for the year 1869, but we are of opinion that this claim is not consistent with the contract. The defendants

were to pay for their occupancy "at the same rate" they had paid the previous year. They had paid for the whole of the previous year $3200 and the taxes. If for a month's occupancy they are required to pay a twelfth of $3200 and the whole of the taxes for the year, they pay not at the same, but at a much greater rate or proportion for the time they occupy than they had formerly paid. The contract of the parties divides the taxes as well as the rent, and the defendants are obliged, under it, to pay a proportional share of the taxes, according to the time they have occupied.

The result of the whole case is, that the plaintiff is entitled to recover, in addition to the charge of $10.50 for broken glass, which is admitted to be due, the same proportion of the gross rent ascertained by adding the taxes of 1869 to $3200, which one month and two days bears to the twelve months, with interest from the date of the writ.

*Judgment for the plaintiff accordingly.*