CHESTER RYAN *vs.* RICHARD SYLVESTER.

Middlesex.   April 7, 1970. — June 24, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Landlord and Tenant,* Termination of tenancy, Notice, Tenancy at will. *Notice.*

Evidence merely that a notice to quit to a tenant at will was left by a constable at the demised premises and that such premises were the last and usual place of abode of the tenant did not show that the landlord's notice was "given to the other party" within G. L. c. 186, § 12, as amended, and was not sufficient to terminate the tenancy.

SUMMARY PROCESS.   Writ in the District Court of Somerville dated November 4, 1968.

On appeal to the Superior Court the case was heard by *Beaudreau,* J.

*Melvin J. Levine* for the defendant.

WILKINS, C.J.   In this action for summary process originally brought in a District Court there was a finding for possession for the plaintiff, and the defendant (tenant) appealed to the Superior Court. G. L. c. 239, §§ 1, 5. The

writ was directed to the defendant (tenant) "of 13 Edmands Street of Somerville," and sought possession of premises at that address. In the Superior Court a judge sitting without jury also found for the plaintiff for possession. The inadequate bill of exceptions states, "The only question presented to the Court was whether or not a notice to quit which was served by a constable by leaving same at the last and usual place of abode of the defendant (tenant) was a sufficient 'giving of notice' to comply with the requirements of G. L. c. 186, § 12, as amended." The defendant (tenant) denied receipt of the notice to quit. He excepted to the denial of his requests for rulings.[1] It is apparent from the record that the summons was left at the demised premises, which were 13 Edmands Street, Somerville. It is also clear from the bill that 13 Edmands Street was the last and usual place of abode of the tenant. This is confirmed by the writ. It must be accepted as fact that service was made at the demised premises, and that these premises were also the last and usual place of abode of the tenant. The record fails to show where the tenant was at the moment of service, or who was there at the time.

General Laws c. 186, § 12, as amended, provides in material part: "Estates at will may be determined by either party by three months' notice in writing for that purpose given to the other party."

The burden was on the plaintiff to show that he gave a notice which complied with the statute. *Connors* v. *Wick,* 317 Mass. 628, 631. The statute does not prescribe how notice is to be given. *Walker* v. *Sharpe,* 103 Mass. 154, 155. The statutes as to service of writs have no application. *Id.* The bill of exceptions does not contain the constable's re-

---

[1] "1. The mere leaving of a notice to quit at the defendant's last and usual place of abode without explaining it to any one is not a good 'giving of notice' as required by . . . [G. L. c. 186, § 12, as amended]. 2. Merely leaving the notice to quit at the last and usual abode of the tenant is not sufficient 'giving of notice' as required by statute . . . [G. L. c. 186, § 12] unless there is evidence of receipt of this notice by the tenant. 3. Service of notice to quit by a constable by leaving same at the last and usual place of abode of the tenant in a one family dwelling is insufficient 'giving of notice' unless there is evidence that the tenant or someone on his behalf actually received said notice."

turn. This could have been easily accomplished because there was a copy in the original papers in the Superior Court. The return of the constable would have been prima facie evidence of the facts stated in it. *Coghlan* v. *White*, 236 Mass. 165, 169. G. L. c. 41, § 95.

In such cases as have come to our attention this court has ruled notice to be effective where given to some coresident with the tenant. Service of notice was held sufficient in the following cases: *Blish* v. *Harlow*, 15 Gray, 316, 318 (leaving in the hands of the tenant's wife on the premises); *Walker* v. *Sharpe*, 103 Mass. 154, 155 (leaving on the demised premises with the partner in charge who read the notice); *Clark* v. *Keliher*, 107 Mass. 406, 409 (leaving with tenant's wife); *Grundy* v. *Martin*, 143 Mass. 279, 280 (leaving with one of two tenants in common); *Ashkenazy* v. *O'Neill*, 267 Mass. 143, 145 (leaving with husband of landlord). In *Steese* v. *Johnson*, 168 Mass. 17, 19, it was said: "There was evidence that the notice was served by leaving an attested copy with some one on the demised premises, which were occupied by the defendant. In such a case it is well settled that, if the person to whom the notice was given was the wife or servant of the defendant [tenant], the service was sufficient on the ground that that fact would furnish presumptive evidence that the defendant received the notice."

In *Walker* v. *Sharpe, supra*, the explanation was, "[I]t would seem that a notice delivered to an authorized agent upon the premises would be quite as likely to reach the tenant, or to be attended to if he did not receive it in person, as a notice given to one of his family or household at his dwelling-house in his absence" (p. 156).

Service was held insufficient in *May* v. *Rice*, 108 Mass. 150, 152 (notice dropped at tenant's request in his box in a store "below stairs" took effect the following day when he actually received it); *Hodgkins* v. *Price*, 137 Mass. 13, 16 (dropping notice through open window of tenant's sleeping quarters in a house not then occupied by his family).

In *Gilbert* v. *Gerrity*, 108 Maine, 258, 261–262, where

there was a similar statute, the notice of termination was left at the tenant's residence in his absence and did not come to his knowledge till the following day. It did not appear that anyone at his residence was informed of the contents or the purpose of the notice. The residence was in a different part of the city from the demised premises. The court stated: "Whatever might be the effect of giving the notice, the writing, to some agent of the tenant, or leaving it with some one on the demised premises in the absence of the tenant himself, we think it clear that merely leaving the notice at some other place in his absence, and not with any agent nor with any explanation to anyone of its contents or purpose, is not a compliance with the statute even though that other place be his residence. Nothing in the statute indicates that a notice thus left is to be regarded as sufficient. No mode of giving the notice is prescribed, but it is broadly declared that the notice shall be 'given to the other party,' that is, that the other party shall have notice. Under such a statute, to lay the foundation for such a summary process, we think something more is required than merely leaving the notice at the tenant's residence at a distance from the demised premises in his absence without more."

In view of these authorities we are of opinion that the mere delivery by the constable at the tenant's home in the circumstances was not equivalent to the tenant having notice, that is, there was not presumptive evidence that the tenant received notice. The defendant's requests should have been granted.

*Exceptions sustained.*