Cowin, J.
BACKGROUND
This case is an appeal under G.L.c. 239, §5. The defendant, tenant Lucy Vaughan, has appealed a decision of the District Court granting possession of the *35 premises to the plaintiff, landlord Christopher Clegg.[1] The tenant claims that service of the notice to quit was not properly made, see G.L.c. 186, §11A; and that she is due damages for sanitary code violations, see G.L.c. 239, §8A; and interest on her security deposit, see G.L.c. 186, §15B. This matter was heard in a one-day jury-waived trial on April 23, 1997 pursuant to a request for a speedy trial. The following witnesses testified: George Mather, a constable: Christopher Clegg, the owner of the property; and Lucy Vaughan, the tenant. Based upon the evidence presented at trial and the reasonable inferences therefrom, I find as follows.
FINDINGS OF FACT
Christopher Clegg (Clegg) owns a two-family home located at 481 Broad Street in Weymouth. Lucy Vaughan (Ms. Vaughan) is a tenant at 481 Broad Street, Apartment 2 (the second floor apartment). Ms. Vaughan has been the tenant at said apartment since January 1, 1993. She is a tenant at will. The rental period for her tenancy begins on the first of each month. Ms. Vaughan lives on the second floor with her son.
On July 31, 1996, Constable George’Mather served a notice to quit on Ms. Vaughan at her last and usual address, 481 Broad Street, Weymouth, second floor apartment, at 12:50 p.m. The notice to quit, dated July 30, 1996, informed Ms. Vaughan that she was to deliver up her premises “at the end of the next month, (August)” of the tenancy. The officer’s return states that a true attested copy of the notice to quit was left at the last and usual place of abode on July 31, 1996 and, in addition, the constable mailed by first class mail a copy of said notice to quit to the aforementioned address on the same date, July 31, 1996.
Mr. Mather left the copy of the notice to quit between the door and the doorjamb on the second floor porch in the rear of the building. He slid the notice between the door and the doorjamb in such a way it could not be blown away by the wind and so that it “is seen on the outside and the inside.” He went to the rear door because he could not get inside the front door.
At the rear, there was a set of outside stairs to the upstairs (second floor) porch. As he ascended to the second floor porch, Constable Mather observed that there were tomato plants both on the stairs and hanging on the stairs. As he went by the windows of the second-floor apartment, the constable observed that there were curtains on the windows and that there were a table and chairs inside the apartment. In fact, Ms. Vaughan does not contest that she was residing in the apartment at the time the notice was delivered. She was living there with her son during the last week of July and the first week in August. She went to work daily during this time, but she did not go in and out the rear entrance. Thus, she did not receive the notice to quit until August 3 when she found it on her back porch.
Prior to August 3, on July 12, 1996, Clegg told Ms. Vaughan that he was selling the premises and handed her a notice to quit. This notice to quit stated that her “tenancy at will . . . terminated ... at the expiration of the 15th day of the month of August, 1996.” Clegg told Ms. Vaughan that he was selling the property. Ms. Vaughan did not respond.[2]
Ms. Vaughan was current in her rental payments at all times. For the last several months she has been paying rent to Court pursuant to a court order.
Ms. Vaughan complained to the Weymouth Board of Health regarding problems at 481 Broad Street in July 1996 and requested an inspection. The Board of Health came to the premises on July 17, 1996 and indicated that there were some violations. No evidence was presented as to any damages suffered by the plaintiff because of these violations.
Ms. Vaughan paid her last month’s rent to the plaintiff at the beginning of her tenancy. No interest has been paid to her on this amount. No evidence was presented as to the amount of the monthly rent.[3]
DISCUSSION
The primary issue in this case is whether there was proper service of the notice to quit. General Laws, c. 186, §12, states, in pertinent part:
Estates at will may be determined by either party by three months’ notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment or thirty days, whichever is longer.
Since the rent is payable here monthly, the required time of notice is the interval between the days of payment, i.e., one month.
The burden is on the plaintiff to show that he gave notice in compliance with the statute. Ryan v. Sylvester, 358 Mass. 18, 19 (1970). The statute does not prescribe how notice is to be given. Id. The case of Ryan v. Sylvester, supra, is instructive on the issue. In that case, the facts were veiy similar to those in the present case. A summons was left by a constable at the last and usual place of abode of the defendant tenant, the demised premises, and the issue was whether there was a sufficient giving of notice. The Court held that the mere delivery by the constable of the notice at the tenant’s home was not sufficient to show that the landlord’s notice was properly given. The record failed to establish where the tenant was at the moment of service or who was there at the time. The situation is similar in the present case. There is nothing to establish that the tenant actually received a timely notice to quit. Although the return of the constable is prima facie evidence of the fact stated in it, that evidence has been rebutted by Ms. Vaughan’s testimony (which I have credited) that she did not receive the notice until August 3.[4]
*36 The tenant counterclaims for damages due as a result of Sanitary Code violations. Although evidence of such violations was introduced, no evidence of the amount of damages was presented. The tenant bears the burden of proof on her counterclaim and she has not sustained that burden.
There is also a counterclaim for interest due on the security deposit of one month’s rent. Although G.L.c. 186, §15B(2)(a) provides for interest at the rate of five percent each year, no evidence was introduced of the amount of the rent. Again, the tenant has not met her burden on this issue.
RULINGS OF LAW
1. The burden is on the plaintiff to show that he gave proper notice.
2. The statute does not prescribe how notice is to be given.
3. The return of the constable is prima facie evidence of the facts stated in the return.
4. There is insufficient evidence that proper notice was given.
ACTION ON DEFENDANTS REQUESTS FOR RULINGS OF LAW
Number 1 is allowed.
Number 2 is a correct statement of law, but is irrelevant in this proceeding.
Number 3 is denied as a request for a finding of fact.
Number 4 is a correct statement of law, but is denied as irrelevant on the facts presented.
Number 5 is allowed.
Number 6 is allowed as a proper statement of law, but see Findings.
Number 7 is denied.
Number 8 is allowed.
Number 9 is allowed.
Number 10 is allowed.
Number 11 is allowed.
Number 12 is allowed.
Number 13 is allowed.
Number 14 is allowed.
Number 15 is allowed.
Number 16 is allowed.
Number 17 is allowed.
Number 18 is allowed.
Number 19 is allowed.
Number 20 is allowed.
ORDER FOR JUDGMENT
It is hereby ORDERED that judgment shall enter for the defendant upon the complaint for summary process and that judgment shall enter for the plaintiff on the defendant’s counterclaim.

 The District Court further determined that the plaintiff was not to recover any damages from the defendant and the plaintiff claims no damages in this court.

 The plaintiff does not contend that this notice was sufficient and it was not. Rather, he relies on the notice left by the constable on July 31. A person desiring to end a tenancy at will is entitled to do so by giving a written notice of that intention to the other party by at least a full rental period in advance of a rent day. George Warshaw, Mass. Landlord-Tenant Law, §3:7 (1987). Clegg’s notice was given in the middle of a rent period and did not provide notice a full rental period in advance of a rent day.

 The premises may have been sold, but the evidence is insufficient for me to make any findings on this question.

 Even if I disbelieve this testimony, there is no evidence to indicate when she did receive the notice. Simply leaving notice in the door is not sufficient under Ryan v. Sylvester, supra.