Sherman, P.J.
This is a summary process action instituted by plaintiff Barbara Ducker to recover possession of premises located at 173 Winn Street, Woburn, Massachusetts. The property is owned by the plaintiffs mother, Marion L. Noonan, for whom the plaintiff acts as guardian. Defendant Robert Ducker, Jr. is the plaintiffs stepson.
In January, 1995, the plaintiff orally agreed to permit the defendant and his family to live on the premises, which had been formerly occupied by the plaintiffs daughter and stepdaughter. No rent was ever requested, expected or received by the plaintiff. It was understood, however, that the defendant would pay residential taxes on the property, homeowner’s insurance and all water, sewerage and utility bills during his occupancy.
For the convenience and comfort of the defendant and his family, the plaintiff allowed the defendant to make improvements to the property. No specifics as to the nature or the extent of any work were ever agreed upon by the parties. The plaintiff testified that she envisioned only minimal improvements such as new wallpaper or paint or a new linoleum kitchen floor. The defendant, however, completely gutted and rehabilitated the premises between January and May, 1995 without the plaintiff’s express permission or approval. At some point in the spring of 1995, the plaintiff discovered the extent of the renovations and argued about it with her husband, the defendant’s father, who at all times appeared to act as the intermediary between the parties. Soon thereafter, finding herself in need, as fiduciary, of funds for the medical care of her mother and in the process of divorcing the defendant’s father, the plaintiff decided to sell the house and evict the defendant.
On September 30, 1996, the plaintiff filed a summary process complaint together with a copy of a thirty-day notice to quit which had been served on the *148 defendant. The defendant filed a motion to dismiss the action on the grounds that the notice to quit failed to satisfy the requirements of G.L.c. 186, §12. The motion was denied, and the case proceeded to trial at which time the defendant unsuccessfully re-argued his dismissal motion and presented a claim for unjust enrichment and quantum meruit damages.
On November 4, 1996, judgment was entered for the plaintiff on both her complaint for possession and on the defendant’s counterclaim. The defendant thereafter appealed to this Division pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C.
1. The defendant now claims to be aggrieved by both the denial of his motion to dismiss and by the trial court’s judgment for the plaintiff on his counterclaim for unjust enrichment and quantum meruit damages. An initial comment is in order as to the permissible scope of the defendant’s appeal.
Prior to August, 1996, the appellate remedy for a party aggrieved by a district court summary process decision or finding was an appeal to the Superior Court Department for a trial de novo, with or without a jury, pursuant to G.L.C. 231, §§3, 5. As of September 30,1996, Section 10 of St. 1996. c. 358 rendered summary process actions in the courts of Norfolk and Middlesex Counties subject to a single trial in the District Court Department with a right of appeal to the Appellate Division.[2]
Unlike a trial de novo, an appeal to this Appellate Division or any appellate court is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial court’s rulings. Breault v. Chairman of Board of Fire Comm’rs.,, 401 Mass. 26, 32 (1987); Huikari v. Eastman, 362 Mass. 867 (1972); Chadwick v. Desroches, 333 Mass. 768, 769 (1956). Questions of law are ordinarily raised and preserved at a district court trial by the filing of Mass. R. Civ. P., Rule 64A requests for rulings of law at the close of the evidence. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 103-104 (1975); Hogan v. Coleman, 326 Mass. 770, 772 (1951); Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251. The defendant filed no requests for rulings of law, and his mere objection to, or charge of error in, the trial court’s general finding for the plaintiff on his counterclaim presents no question for appellate review.
[T]he question of the correctness of a general finding or decision cannot be raised by an exception or claim of report [or appeal]... The reason is that exceptions or claims of report [or appeals] lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented.
Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955). See also Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96-97 and cases cited. Having failed to file a proper Rule 64A(b) request for ruling of law that the evidence permitted or required a finding in his favor on his counterclaim, the defendant effectively waived any appellate consideration of such issue. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Reid v. Doherty, 273 Mass. 388, 389 (1930); The Victor Co. v. Chiozzi, *149 1994 Mass. App. Div. 240, 240-241.[3] As the propriety of the court’s judgment for the plaintiff on the defendant’s counterclaim is not before us on this appeal, said judgment stands.
2. The defendant’s motion to dismiss was tantamount to a request for a ruling that the plaintiff failed to comply with the notice provisions of G.L.c. 186, §12. As the denial of the defendant’s motion to dismiss constituted a discrete ruling of law, it is properly before us. Upon review, we conclude that the plaintiff’s statutory notice was insufficient, and that the defendant’s motion should have been allowed.
The parties’ oral agreement for the defendant’s occupancy of the premises for an unstated term constituted a tenancy at will. See Baldassare v. Crown Furniture Co., 349 Mass. 183, 193 (1965). As the relationship of landlord and tenant is contractual in nature, a tenancy at will must be supported by consideration, which is usually the payment of rent. Miller v. Berk, 328 Mass. 393, 397 (1952); Connors v. Wick, 317 Mass. 628, 630 (1945); Williams v. Seder, 306 Mass. 134, 136-137 (1940). No rent, in the traditional sense of a periodic amount paid to the plaintiff for the use and occupation of the premises, Worcester Masonic Charity & Educa. Assoc. v. Assessors of Worcester, 326 Mass. 409, 412 (1950); Whiting Paper Co. v. Holyoke WaterPower Co., 276 Mass. 543, 547 (1931), was requested by tire plaintiff or paid by the defendant in this case. The term “rent” may include, however, any compensation or consideration paid by the tenant for use of the premises, whether or not the amount has been defined by the parties’ agreement. Kites v. Church, 142 Mass. 586, 589 (1886). “Any consideration sufficient to support a contract is all that is required to constitute an agreement from which a tenancy may result.” Story v. Lyon Realty Corp., 308 Mass. 66, 70 (1941) and cases cited. In the instant case, the parties understood that the defendant would pay residential taxes, homeowners’ insurance, and water, sewerage and utility bills. There was thus sufficient consideration for the creation of a tenancy at will herein.
As the defendant is a residential tenant at will, a G.L.C. 186, §12 notice to quit was a condition precedent to the plaintiff’s commencement of any summary process action for the defendant’s eviction from the premises. Bech v. Cuevas, 404 Mass. 249, 255 (1989). Section 12 provides, in pertinent part:
Estates at will may be determined by either party by three months’ *150 notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment or thirty days, whichever is longer...
The plaintiff was obligated in the first instance to give the defendant a three month notice unless the plaintiff established that rent was payable at periods of less than three months. The burden was on the plaintiff to prove that the thirty day notice to quit served on the defendant complied with the statute. Ryan v. Sylvester, 358 Mass. 18, 19 (1970). As noted, no rent in the traditional sense was payable at any time under the parties’ agreement, and there was thus no rent “payable at periods of less than three months” which would have justified a shorter notice to the defendant. Further, the record is devoid of any evidence advanced by the plaintiff which would have established that the tax, insurance, sewerage or other charges to be paid by the defendant in lieu of rent were payable at “periods of less than three months.” The plaintiffs assertions by way of appellate argument in her brief are not part of the record. Nor can we conclude that the plaintiffs argument, that payments of one or more of these charges on the specific property in question were at intervals of thirty days or less, was “indisputably true” so as to permit judicial notice of the same. See generally, Yankee Atomic Elec. Co. v. Secretary of Comm., 403 Mass. 203, 205 (1988).
Accordingly, the trial court’s denial of the defendant’s motion to dismiss is reversed. Judgment for the plaintiff is vacated, and the plaintiff’s complaint is dismissed.
So ordered.

 Chapter 358, “An Act Establishing a One Trial System For Civil Cases in Norfolk and Middlesex Counties,” is a legislative experiment applicable both to summary process cases and other civil actions ordinarily subject to transfer, retransfer, removal or appeal under G.L.c. 97 to G.L.c. 107 which is designed to alleviate Superior Court Department backlog. The statute expires two years from its effective 'date, unless otherwise extended.

 Even if we were to review the denial of the defendants counterclaim, we would find no basis for reversing the courts finding which was amply supported by the evidence. The defendant contends that in reliance upon an alleged oral promise by the plaintiff to sell the property to him, he provided labor, materials and capital investment in rehabilitating the premises. As the alleged agreement was oral and there was no evidence as to the terms of any agreement for sale, defendants recovery on the oral contract was barred by the Statute of Frauds, G.L.c. 259, §1. See generally, Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 709 (1992); Ravosa v. Zais, 40 Mass. App. Ct. 47, 50 (1996). The evidence would also have permitted the court to find that there was no express or implied agreementfor the plaintiffs payment of the defendants labor or expenses in renovating the property, no reasonable expectation of payment on the part of the plaintiff and thus no basis for an award of quantum meruit damages. See Salamon v. Terra, 394 Mass. 857, 859 (1985); Douillette v. Parmenter, 335 Mass. 305, 307 (1957); U.S. Fid. & Guar. Co. v. N.J.B. Prime Inves., 6 Mass. App. Ct. 455. 460-461 (1978). Finally, the evidence would have warranted a finding by the trial judge that the plaintiffs husband financed by way of a gift to the defendant at least $32,000.00 worth of the materials used, and that the value of the premises had not increased by more than this amount In such case, it cannot be said that the plaintiff was unjustly enriched so as to warrant any recovery by the defendant in counterclaim. See generally, J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793-794 (1986); Douillette v. Parmenter, supra at 307.