Coven, J.
This is a summary process action to recover possession of a house in Bil-lerica, Massachusetts. After trial, judgment was entered for the plaintiff-landlord, and the defendant-tenants filed this Dist/Mun. Cts. RAM, Rule 8C appeal. The sole question presented by the appeal is the adequacy of service of the notice to quit[3]
*77 The record includes copies of a December 8,1997 notice to quit prepared in letter form and signed by the plaintiff, and a constable’s return of service which recites that on December 18,1997, the notice to quit was left at the “last and usual place of abode, wedged in the door” of the house rented by the defendants. The defendants testified at trial that they never received the notice to quit, and that the door was not capable of being “wedged.” The constable was not called as a witness. The plaintiff testified only that he had made arrangements with his lawyer to make service in the case.
The defendants occupied the premises as tenants-at-will. The plaintiffs compliance with G.L.c. 186, §12 was thus a prerequisite to any valid termination of the defendants’ tenancy and a condition precedent to the commencement of this summary process action against them. Beck v. Cuevas, 404 Mass. 249, 255 (1989).
Section 12 of G.L.c. 186 provides:
Estates at will may be determined by either party by three months’ notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment or thirty days, whichever is longer.
The legislative purpose of §12 is to afford the tenant sufficient time prior to the filing of any lawsuit to resolve the matter informally with the landlord, or to make alternative living arrangements. While the statute is silent as to the method of service of the notice to quit, it is clear that the tenant is entitled to actual receipt of such notice within the time prescribed and before an eviction action is brought See generally Regan v. Atlantic Refining Co., 304 Mass. 353, 354 (1939); Sweeney v. Morey & Co., 279 Mass. 495, 499-500 (1932); Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 443 (1975). The burden is on the landlord to establish that he provided the requisite notice in compliance with the statute. Ryan v. Sylvester, 358 Mass. 18, 21 (1970); Connors v. Wick, 317 Mass. 628, 631 (1945); Ducker v. Ducker, supra at 150.
In the instant case, the plaintiff introduced only the constable’s return reciting that the notice to quit had been left “wedged” in the door of the premises. Both of the defendants testified at trial, however, that they never received the alleged notice and that the notice could not in fact have been left on the premises in the manner described by the constable. The defendants further testified that they never even saw a copy of the notice to quit until the Friday before the actual trial of this summary process action when they examined the case papers on file in the trial court clerk’s office. The plaintiff did not offer any affidavit, or the testimony of the constable or any other witness, to contradict the defendants’ sworn testimony.[4]
On the basis of the evidence before the trial court, “the mere delivery by the constable to the tenants’ home in the circumstances was not equivalent to the tenant having notice.” Ryan v. Sylvester, supra at 21.
The trial court’s judgment for the plaintiff is reversed and vacated. Judgment shall be entered for the defendants.
So ordered.

 The plaintiff contends that the defendants waived appellate consideration of this issue by failing to file an appropriate Mass. R. Civ. R, Rule 64A request for ruling of law. See Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172; Cooperstein v. Turner Bros. Construc., Inc., 1992 Mass. App. Div. 249, 251. The defendants preserved their right to appeal, however, by including this issue in their motion to dismiss. Ducker v. Ducker, 1997 Mass. App. Div. 147, 149.

 The plaintiff did admit into evidence a March 12,1998 letter from the defendants to the trial court’s first assistant clerk which referenced in-hand service on them the day before of defective, one-sided copies of the “Summary Process Summons, Complaint and Eviction Notice of Proceeding.” Even assuming arguendo that this service of process was sufficient, it did not satisfy the G.L.C. 186, §12 requirement of a timely notice to quit as a condition precedent to the filing of a summary process action. The letter was thus irrelevant to any consideration of the adequacy of service of the statutory notice.