Merrick, P.J.
This is a summary process action to recover possession of premises owned by plaintiff Antonio LoRusso (“the Landlord”) and occupied by defendant Donna Talbot (the ‘Tenant”) as a tenant at will. Judgment was entered for the Landlord for both possession and three months’ rent in the amount of $1,750.00[1] The Tenant has appealed that judgment and the denial of her motion for a stay of execution pursuant to G.L.c. 239, §§9-ll.[2]
1. The Tenant’s initial argument on this appeal is that the Landlord failed to establish at trial that there was adequate service of the thirty day notice to quit. As the Tenant correctly argues, the Landlord has the burden of proof on this issue. Ryan v. Sylvester, 358 Mass. 18, 19 (1970). “While the statute is silent as to the method of service of the notice to quit, it is clear that the tenant is entitled to actual receipt of such notice within the time prescribed and before an eviction action is brought.” Harris v. Munro, 1999 Mass. App. Div. 76, 77. A G.L.c. 186, §12 notice to quit was a condition precedent to this summary process action. Ducker v. Ducker, 1997 Mass. App. Div. 147, 149, citing Beck v. Cuevas, 404 Mass. 249, 255 (1989).
The Tenant failed, however, to file any motion or request for ruling of law which would have preserved for appellate review the issue of delivery of a proper notice to quit herein. Subway Real Estate Corp. v. Marinello, 1990 Mass. App. Div. 180, *302 181.[3] We note, in any event, that there is no question on the record before us that a notice to quit was delivered and received by the Tenant on July 22, 1998,[4] was properly filed with the summary process complaint on September 21, 1998, and was treated by the judge and the parties as being in evidence.[5]
2. The Tenant also argues on this appeal that the trial judge erred in awarding the Landlord damages in the amount of three months’ rent.
This summary process action was correctly brought as an “eviction without fault” as the Tenant’s rent payments were current on July 22,1998 when the notice to quit was delivered. Further, the Landlord’s complaint did not include an account annexed for rent owed. On the morning of trial, however, the Landlord moved to amend his complaint by adding an account for rent for August, September and October, and the judge allowed the motion. This was an entirely routine procedure, most often used to reflect changes in the rent account between commencement of the action and trial. See generally Hodge v. Klug, 33 Mass. App. Ct. 746, 755-757 (1992) (amendment should be allowed unless complication or delay results).
*303 The Tenant contends that the Landlord had waived any claim for the rent in question prior to trial because he refused to accept rent for the months of August, September and October when she had tendered it. The Landlord was apparently concerned that his acceptance of rent would somehow reinstate the tenancy. He was in this regard excessively cautious.
A Landlord’s acceptance of rent for a time subsequent to the expiration of the notice to terminate, may constitute a waiver of the notice. [Citations omitted]. But a waiver will not be found if the landlord ‘accepts such rent expressly reserving his rights; for the money is his due, and he has a right to receive it without barring his right to terminate the tenancy at will, which is the direct object of the suit.’
Slater v. Krinsky, 11 Mass. App. Ct. 941, 942 (1981), citing HALL, MASSACHUSETTS LAW OF LANDLORD AND TENANT §176 (4th Ed. 1949). The record is devoid of any suggestion that the Landlord’s refusal of the Tenant’s tender amounted to a waiver. There was no evidence that would have compelled the judge to find that the rent obligation was forgiven or that any consideration for a waiver had been given. The sole authority cited by the Tenant in support of her contention of waiver is Tuttle v. Bean, 54 Mass. 275 (1847), which states only that where the rent is tendered but not accepted, the Landlord may not recover possession on a notice to quit for non-payment of rent. The Landlord has not attempted to recover possession for non-payment of rent in this ease.
The Tenant does correctly point out that rent was due only for the month of August because the termination of the tenancy was effective at the end of that month. Tenants at sufferance, as the Tenant became on September 1st, are obligated to pay only use and occupancy “for such time as they may occupy.” G.L.c. 186, §3. Use and occupancy is awarded only retrospectively. The judgment in this case, entered on October 6,1998, improperly included use and occupancy charges through the entire month of October. On the other hand, the Tenant has occupied the premises not just through October, 1998, but to date and apparently without paying any use and occupancy. If the court’s assessment of damages through ■October, 1998 was premature when it was made, events have corrected it. Therefore, rather than re-open the question of use and occupancy, which might require an assessment of charges through the date of the hearing if a motion for further amendment of the complaint and account annexed were allowed, the court’s assessment may stand. Any charges incurred after October, 1998 may, if not agreed upon by the parties, be the subject of another action.
3. The essence of the Tenant’s appeal is her argument that the trial judge’s denial of her motion for a stay of execution under G.L.C. 239, §9 was error. It is undisputed that the tenancy was “terminated without fault of the tenant” and that the Tenant is a “handicapped person” within the meaning of §9. The statute provides:
In an action of summary process to recover possession of premises occupied for dwelling purposes,... where a tenancy has been terminated without fault of the tenant, either by operation of law or by act of the landlord, except by a notice to quit for nonpayment of rent..., a stay or stays of judgment and execution may be granted, as hereinafter provided, ... for a period not exceeding twelve months or for periods not exceeding twelve months in the aggregate in the case of premises occupied by a handicapped person or an individual sixty years of age or older, as the court may deem just and reasonable, upon application of the tenant....
Sections 9 through 11 of G.L.c. 239
contain provisions for ‘a discretionary stay of judgment and execution’ *304 upon application of the tenant in certain cases where the premises are occupied for dwelling purposes. The tenant on his part must comply with stated conditions. These provisions were obviously designed to mitigate hardships to tenants, and at the same time to protect adequately the rights of the owner of the premises.
Opinion of the Justices, 321 Mass. 772, 773-774 (1947). Although the decision of the judge to grant a stay under §9 is discretionary, that discretion must be exercised in accordance with both the underlying purpose of §9 and the following requirements of G.L.c. 239, §10:
Upon application for such a stay of proceedings, the court shall hear the parties, and if upon the hearing it appears that the premises of which possession is sought to be recovered are used for dwelling purposes; that the applicant cannot secure suitable premises for himself and his family elsewhere within the dty or town in a neighborhood similar to that in which the premises occupied by him are situated; that he has used due and reasonable effort to secure such other premises; that his application is made in good faith and that he will abide by and comply with such terms and provisions as the court may prescribe; or that by reason of other facts such action will be warranted, the court may grant a stay as provided in the preceding section, on condition that the terms upon which such stay is granted be complied with.
Commonly, a landlord seeks to recover possession from a tenant who has faithfully paid rent and satisfied all other tenancy obligations because the landlord wishes to sell the premises or, as in the present case, have them occupied by himself or a family member. While it is within the judge’s discretion to consider any hardship a stay may cause the landlord, the legislative purpose and policies underlying the above statutes appear to mandate a judicial thumb on the scale of any balancing of interests in favor of the tenant
We note that in this case, the Tenant did not file a separate motion or “application” for a stay under §9. The only post-trial motions presented to the court appeared to be motions for waiver of the appeal bond and were so treated by the judges who heard them. The motions were at first denied and then, on reconsideration, allowed. However, the Tenant had filed a printed form answer to the summary process complaint, and checked the space next to the statement “I wish time to move because I cannot find another residence.” She also elaborated, in a handwritten portion of the answer, on her difficulty finding new housing. Further, much of the trial was taken up by the parties disputing whether or not the Tenant had actually “used due and reasonable effort to secure such other premises.” G.Lc. 239, §10. There is no question that the issue of a stay was properly before the original trial judge, although a separate “application” for a §9 stay filed after the entry of judgment for possession would have assisted the trial judge and clarified the record.
We need not decide whether, on this record, the judge abused his discretion in denying any stay under G.L.c. 239, §9. The Tenant’s appeal pursuant to Dist./Mun. Cts. R. A D. A, Rule 8C, did not reach this Division until July of this year. The most the Tenant, as a “handicapped person,” could have obtained under §9 was a stay of one year. That year has since expired. The question of a stay is now moot.
Accordingly, the trial court’s judgment for the Landlord is affirmed. The Tenant’s appeal is dismissed.
So ordered.

 The trial judge made a finding in the Landlord’s favor for both possession and damages, but made no particular order as to the date of execution. The judgment of October 6,1998 as issued by the clerk provided, however, that execution would issue on October 13,1998, only 7 days later. By statute, with exceptions not here relevant, an execution should notissue until 10 days after judgment. G.L.c. 239, §5; Kobayashi v. Orion Ventures, Inc., 42 Mass. App. Ct. 492, 504-505 (1997). The issue is obviously now moot.

 The Landlord did not file a brief on this appeal.

 See also Johnson v. Aldridge, 1999 Mass. App. Div. 182; Cambridge Chamber of Commerce v. Central Sq. Ins. Agency, Inc., 1999 Mass. App. Div. 27, 29; Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172.

 The constable’s return of service indicated that the notice to quit was left at the Tenant’s “last and usual place of abode,” the rented premises, on July 22,1998. When the Landlord’s son incorrectly testified that the notice to quit was delivered on July 15,1999, the Tenant objected that it was not “received until a week later” and that it had been left on her stairs rather than mailed to her. Thus the Tenant’s objections at trial confirmed actual delivery of the notice in accordance with the constable’s return.

 A notice to quit dated July 15,1998 is in fact included in the record before us, as is the constable's return of service. The docket indicates that the notice was filed with the complaint as required by Rule 2(d) (2) of the Uniform Summary Process Rules. The notice to quit is proper on its face as it notified the Tenant that her tenancy was terminated as of “the expiration of that month of your tenancy which shall begin next after this date.” That the notice to quit was in evidence is indicated by the following portion of the trial transcript:
Q: So subsequent to July 1st did you then take legal action to notify her?
A: Right. We were forced to send her a 30-day notice.
Q: May I show this, Your Honor?
Judge: Mmm hmm.
Q: Would this be the letter that you sent to the office of Frank Mar-ciello [the Landlord’s attorney who signed the notice]?
A Yes, it is.
Q: And what’s the date on that?
A July 15th.
Q: Thank you. Your Honor, I believe that’s on the record.
Judge: Yes.
While the record is not a model of clarity on the admission of the document into evidence, the Tenant made no objection on that basis.