Merrick, P.J.
This is an action to recover for a homeowner’s breach of contract in refusing to pay for landscaping services provided by the plaintiff contractor. Judgment was entered for the plaintiff for the work performed. At issue on this appeal is the trial judge’s ruling that the plaintiff was not entitled to interest and attorney’s fees despite a contract provision for their recovery.
The salient facts are undisputed. Plaintiff David K Rykbost Corp., d/b/a Dave’s Landscape Management Co. (“Dave’s Landscape”), entered into a contract for landscaping services with defendant Nancy N. O’Connor (the “Homeowner”) ,[3] In July of 2001, the Homeowner called Dave’s Landscape to her home to discuss the condition of her yard and work to be done. On July 17, 2001, Dave’s Landscape presented a proposal on a contract form on its letterhead. The scope of the proposed work was specified in a list of 15 items, some of which were handwritten and others were standardized printed items next to which quantities were inserted. The work was to be done on a time and material basis. Although specific estimates of time were given, the contract generally provided: “This is an estimate of the actual time and materials involved. It may be slightly different from your actual invoice.”
At the bottom of the form were printed spaces for the signatures of the parties and printed terms, laid out as follows:
Prepared by:_Date:_
Accepted by:_Date:_
Terms: Net 10 days after Invoice. 1.5% Interest over 30 Days. Purchaser agrees to pay all costs of collection, including reasonable attorney’s fees.
“Dave” signed for Dave’s Landscape as the individual who had prepared the estimate and contract and dated it “7/17/01.” The Homeowner signed on the line next to “accepted by” and directly above the printed ‘Terms.”
After Dave’s Landscape completed the project, it invoiced the Homeowner for $4,051.00. The Homeowner expressed dissatisfaction with the work and refused to pay anything. Dave’s Landscape commenced this action.
*76 After a non-jury trial, the judge reduced the claim for $4,051.00 by $300.00 because of minor problems with some of the work, and entered a finding for Dave’s Landscape in the amount of $3,751.00. The judge declined, however, to award the interest and attorney’s fees sought by Dave’s Landscape and made the following sua sponte ruling:
P’s demand for contractual interest (1.5%) and attorney fees is denied because said terms were below the signature line and are therefore unilateral and unenforceable.
Dave’s Landscape now appeals that ruling.[4]
1. The Homeowner argues that the trial court’s ruling was correct because the “American Rule” requires each litigant to bear its own expenses. It is true that “Massachusetts generally follows the ‘American Rule’ and denies recovery of attorney’s fees absent a contract or statute to the contrary.” Police Commissioner of Boston v. Gows, 429 Mass. 14, 17 (1999). However, a provision providing for payment by the nonpaying party of the costs of collection including reasonable attorney’s fees is enforceable. Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 827 (1982). Even if the printed terms for interest and attorney’s fees in this case were treated as a contract of adhesion, the provision would be enforceable because it is not against public policy, unconscionable or unfair in the circumstances. See Chase Commercial Corp. v. Owen, 32 Mass. App. Ct. 248, 253-254 (1992) (upholding waiver of jury trial in contract of adhesion).
Further, there is no requirement that a contractual term be located in any particular place in a contract in relationship to the signature of the party to be charged. While it may not even be necessary that such a provision be particularly conspicuous, Id., we note that the provision here was clear and conspicuous as it was located directly below the Homeowner’s signature line. Therefore, Dave’s Landscape was entitled to recover attorney’s fees herein as provided in the parties’ written contract.
2. Dave’s Landscape is also entitled to interest under the same contract. However, the provision for “1.5% Interest over 30 days” is ambiguous in that it does not indicate whether the specified rate is to be applied monthly or annually. When a provision of such an agreement is in issue, it is to be construed strictly against the drafter. See Lechmere Tire & Sales Co. v. Burwick, 360 Mass. 718, 720-721 (1972). Dave’s Landscape may thus recover interest only at an annual rate of 1.5%.
Accordingly, the judgment is vacated. The case is returned to the Marlborough Division for an assessment of attorney’s fees by the trial judge, see Northern Assoc., Inc. v. Kiley, 57 Mass. App. Ct. 874, 882 (2003); Cummings v. National Shawmut Bank, 284 Mass. 563, 569 (1934), and for a calculation of interest on damages at the rate specified above. Judgment is then to be entered for the plaintiff in the amount of $3,751.00 plus interest, attorney’s fees and costs.

 Ms. O’Connor’s husband, David M. O’Connor, was also a defendant in this action. The trial judge found, however, that he was not a party to the landscaping contract.

 Given the trial court’s voluntary ruling of law on this issue, which is subject to ordinary appellate review, it was unnecessary for Dave’s Landscape to file a Mass. R. Civ. P., Rule 64A(a) request for ruling of law to preserve this issue for appeal. See Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 173 n.2.